## STEPHENSON et al. v. CAMP.

(Court of Civil Appeals of Texas. Texarkana. May 25, 1911. Rehearing Denied June 24, 1911.)

SCHOOLS AND SCHOOL DISTRICTS (§ 145*)— MANDAMUS (§ 109*) — ACTION AGAINST SCHOOL DISTRICT—JUDGMENT.

Where at the time of employment of teachers by a school district there were sufficient funds to pay their salaries for the term of employment, but part of the funds were wrongfully disbursed by the school trustees, and the warrants for the last two months' salaries were unpaid, the amount on hand being insufficient, it was error to render judgment against the school district for the unpaid portion of the salary; the proper remedy for the recovery of the amount remaining on hand being by mandamus to the treasurer.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 145;* Mandamus, Cent. Dig. §§ 227–229, 232–235; Dec. Dig. § 109.*]

Appeal from Clay County Court; S. A. Denny, Judge.

Action by S. H. Camp against Joseph Stephenson and others, individually and as trustees of Thornberry School District No. 46, in Clay County. From a judgment for plaintiff, defendants appeal. Affirmed as to defendants individually and modified to deny judgment against the school district.

P. M. Stine, for appellants. Allen & Allen, for appellee.

LEVY, J. The appellants were the trustees of Thornberry school district No. 46, in Clay county, and the appellee a school teacher. On May 21, 1908, such trustees contracted with appellee to teach school in this district for a term of nine months, at a salary of $90 per school month. Two assistant teachers were also employed by the trustees. At the time of the employment there was $1,977.37 on hand in the treasury apportioned to and belonging to this school. It is inferable that some of this amount was derived from local taxes. The evidence is conclusive that there was more than enough money on hand and available at the time of the contract to pay the salaries of the teachers for the full term fixed upon. The full term was taught by appellee, and the trustees regularly issued a warrant each month for the salary, and the same were all approved by the county superintendent and paid, except the last two warrants, upon which payment, when demanded, was refused by the county treasurer upon the ground that there was only $3.80 in the treasury at the time. Claiming that the fund appropriated to the school district was wrongfully diverted and exhausted in defeat of his salary and before his contract had been fully complied with, the appellee instituted suit in the justice court against the appellants in their individual capacity, and through them as trustees against the school district. From the judgments against them in that court, the appellants appealed to the county court. In accordance with the verdict of the jury, a judgment in the county court was entered in favor of appellee against each of the appellants personally and against "Thornberry school district No. 46, in Clay county, Texas." The appellants personally and the school district through their trustees each appeal, and prosecute the appeal jointly.

After a full investigation of the record, we have concluded that the appellants wrongfully disbursed and exhausted the fund out of which appellee's salary as a teacher was payable, and in defeat of the payment of his last two months' salary for which warrants were drawn, and are legally liable personally for the wrong by which the appellee suffered the damages sued for. It is unnecessary, we think, to discuss the assignments, as presenting no reversible error, and they are all overruled. However, we think that a fundamental error appears in rendering judgment against the school district, and in this respect the judgment should be modified. The diversion was the personal wrong of the appellants. It is true that $3.80 appears to be on hand belonging to the school, but the appellee's remedy to collect this was by mandamus against the treasurer. The warrants were already issued and properly signed and approved, and needed only to be presented to the treasurer for payment. The treasurer could not legally refuse to pay the same if there were funds in his hands to pay same; and if there were not enough funds he still would be required to pay such as he has that are available for the particular purpose. There is no assignment attacking the judgment as excessive to this amount.

It is therefore ordered that the judgment of the county court be so modified as to deny a judgment to appellee against the Thornberry school district No. 46 as such, and as so modified the judgment against the appellants Stephenson, Hansard, and Pool personally will be affirmed, the appellee to pay one-half and the said appellants to pay one-half of the costs of appeal. The Thornberry school district as such, through its trustees, will recover all costs incurred by it below against the appellee. The judgment in favor of Irving Corlett, not being appealed from, will remain undisturbed.

Modified and affirmed.