**POWELL v. MATHEWS et al. (No. 1209.)**

(Court of Civil Appeals of Texas. Beaumont. Jan. 22, 1926.)

**1. Schools and school districts ⬤⟿138—Petition held to show that school trustees breached teaching contract of school-teacher and misapplied school district's funds for payment of school-teacher's salary.**

Petition *held* to show that school trustees breached teaching contract with school-teacher and compelled him to abandon teaching of school, and that trustees misapplied and exhausted school district's funds which could be appropriated only to payment of school-teacher's salary.

**2. Appeal and error ⬤⟿917(1).**

On appeal from judgment sustaining demurrers to petition, facts alleged in petition must be taken as true.

**3. Schools and school districts ⬤⟿62.**

School trustees were personally liable, if wrongfully breaching teaching contract and misapplying school district's funds out of which school-teacher's salary only could be paid.

**4. Schools and school districts ⬤⟿144(1)—School trustees were required to abide by decision of state superintendent of public instruction and state board of education; unless decision was set aside by proper court (Rev. St. 1911, arts. 4510, 4511).**

School trustees were required to abide by decision of state superintendent of public in-struction and state board of education that school-teacher was entitled to payment of his salary for full term of his contract, less compensation already paid, unless such ruling and decision was set aside by court of competent jurisdiction, in view of Rev. St. 1911, arts. 4510, 4511.

**5. Schools and school districts ⬤⟿48(6)—Bondsmen and county school superintendent held liable to school-teacher, if county superintendent acting in official capacity approved vouchers misapplying funds which could be appropriated only for payment of school-teacher's salary.**

If county school superintendent illegally approved vouchers drawn on fund which could be appropriated only to payment of school-teacher's salary under his contract, with full knowledge of such contract and proceedings to have it enforced, he was liable to school-teacher, and, having acted in his official capacity, his bondsmen were liable with him.

**6. Schools and school districts ⬤⟿48(6)—County school superintendent and bondsmen held liable to school-teacher, if superintendent depleted fund which could be appropriated only for payment of teacher's salary.**

County school superintendent and bondsmen *held* liable to school-teacher, if superintendent wrongfully transferred funds of one school district, which could be appropriated only to payment of school-teacher's salary, to another school district, thereby depleting such fund.

Appeal from District Court, San Augustine County; V. H. Stark, Judge.

Action by H. H. Powell against W. E. Mathews and others. From a judgment of dismissal, plaintiff appeals. Reversed and remanded.

Minton & Minton, of Hemphill, and W. C. Ramsey, of San Augustine, for appellant.

H. B. Short, of Austin, and E. F. Anderson, of San Augustine, for appellees.

HIGHTOWER, C. J. The appellant, Powell, a school-teacher by profession, filed this suit in the district court of San Augustine county against the appellees W. E. Mathews and others for the recovery of damages in the sum of $1,135. The appellee Mathews, at the time of the transactions here involved, was the county superintendent of schools in San Augustine county, and appellees S. T. Bryan, J. W. Bryan, and H. E. Carter were the school trustees in Lucas common school district No. 37 of that county, and the other appellees I. L. Miller, W. C. Crouch, I. L. Mathews, and C. C. Goodwin were the bondsmen on the official bond of the county superintendent.

For cause of action appellant alleged that on the 30th day of April, 1921, the trustees of said school district made and entered into a valid legal contract with appellant to teach the school in the district for a period of nine

months, beginning September 5, 1921, at a salary of $165 per month; that appellant held a valid second grade teacher's certificate when the contract was made, and during the period of time covered by it; that the district, at the time of making the contract and during the period covered by it, was authorized by law to levy and collect local taxes for school maintenance for the school year 1921–1922, which tax was levied and collected; that the school funds appropriated to the district by the state and county for the school year 1921–1922 were amply sufficient to pay the salary provided in the contract; and that, at the time the contract was made and at the time of its approval by the county superintendent, no part of the funds belonging to the district for paying teachers had been otherwise appropriated; that on September 9, 1921, the contract was duly approved by the county superintendent, W. E. Mathews.

Appellant further alleged that, by reason of the execution of the contract between himself and the trustees of the district, whereby he bound himself to teach the school in the district for a salary of $165 per month for a period of nine months, and its approval by the county superintendent, the sum of $1,485 of the funds appropriated and apportioned to the district was validly appropriated to pay the salary of plaintiff, according to the terms of his contract, and could not be legally used or appropriated by any of the appellees for any other purpose.

Appellant further alleged that on September 5, 1921, in pursuance of the contract, he began the teaching of the school, as provided in the contract, and taught the same in a lawful manner for a period of one month; that at the end of that period he prepared a voucher for his salary for one month, properly verified, and presented the same to the trustees, and requested them to sign the voucher so that he might collect his salary; that the trustees failed and refused to sign the voucher, and appellant at once took the matter up with the county superintendent, Mathews, who refused to take any action whatever; that the refusal on the part of the trustees to sign his voucher and of the county superintendent to take action in the matter when he was appealed to by appellant was without any legal cause or excuse whatever; that appellant was dependent upon his salary as teacher, and, when the trustees refused to approve his voucher at the end of the first month's teaching, he was without funds to support himself so as to enable him to teach the school longer; that on October 22, 1921, appellant met the county school trustees of San Augustine county, the county superintendent, Mathews, and the trustees of Lucas school district No. 37, and that at that time the matter of his continuing to teach the school was discussed; that at that time the trustees signed vouchers in appellant's favor for two months' salary for $152.50

each; that on October 25, 1921, following, appellant again began his school work as teacher of the district upon the promise and agreement of the trustees to pay him for his services therefor; that he continued to teach the school for a period of two months longer, and at the end of each month made out his voucher, properly verified, and presented the same to the trustees, who again refused to sign his voucher or to pay him anything for his services, all of which was without legal cause or justification; that during this time appellant reported the action of the trustees in refusing to sign his vouchers or to pay for his services to the county superintendent, Mathews, but that he again wholly failed and refused to take any action whatever in the matter; that during the Christmas holidays, 1921, the county superintendent, Mathews, promised appellant that, if he would go ahead and teach the school for another week, he (Mathews) would have the trustees to approve and sign appellant's vouchers for the services which had been rendered by appellant, and for which he was wholly unpaid; that, relying upon such promise, appellant did continue to teach the school for another week following the Christmas holidays, but that the trustees and county superintendent again failed and refused to take any steps or to do anything toward the payment of his salary as teacher of the school; that appellant was wholly unable to support himself and family without collecting the money for the services he was rendering as teacher, and so advised all the appellees; that, being unable to collect his salary upon which to live and support himself and family, he was forced and compelled to desist from further teaching the school, and again appealed to the defendant Mathews, as superintendent, on the 4th day of March, 1922, and presented his appeal in writing to the superintendent, asking for a hearing as required by law; that on or about March 23, 1922, a hearing was had by the county superintendent regarding the matter, and that he then rendered a decision that appellant had canceled and abandoned his contract as teacher with the school district, and that he had left his school without permission from the trustees, and that appellant had refused to return to his school work when ordered to do so by the superintendent upon his promise to see that appellant received pay for the time he taught, and that the superintendent further ruled that the trustees should pay appellant for the days actually taught; that appellant appealed from this decision of the county superintendent to the county school board of San Augustine county, and other county trustees of the county, who had a hearing in the matter on May 18, 1922, and that in this hearing they affirmed and adopted the decision of the county superintendent, with the addition that the trustees of Lucas district were ordered to pay plaintiff accord-

ing to the terms of his written contract for the number of days he had taught, and that as to the remainder of his salary under the contract the matter might be appealed to the state superintendent.

Appellant then alleged that he appealed from this decision of the county school board to the state superintendent of public instruction of the state of Texas, and that the matter was duly heard by that officer, and that she rendered a decision in the matter on June 30, 1922; that the substance and effect of the decision of the state superintendent was that the method followed by the trustees of Lucas district was one which had forced appellant to give up and close his school for a lack of funds on which to live while teaching; and that this action to which he was forced was used by the trustees as a pretext to claim an abrogation and abandonment of his contract by appellant. It was further alleged that the state superintendent also found that appellant's contract was in full force and effect, and that none of his actions warranted the breach of the contract as made by the trustees. It was alleged that the state superintendent further ruled that, in refusing to sign and approve appellant's vouchers, the trustees of the district breached and abrogated the contract with appellant, and that it was further ruled that appellant was entitled to the payment of his salary as teacher for the full time of the contract made with him by the trustees of the district; that the trustees of the district appealed from this decision of the state superintendent to the state board of education of this state, and that the matter was heard by that board, after due notice, on August 10, 1922, and that the hearing resulted in a decision by that board fully confirming the decision of the state superintendent.

Appellant further alleged that, after his successful appeal to the state superintendent and state board of education, the trustees of the district and the county superintendent of San Augustine county still refused and declined to observe the decision and ruling of the state superintendent or state board of education, and that up to the time of filing the suit they had wholly failed and refused and were still failing and refusing to pay appellant for the full time of his contract as teacher, although, as alleged, he at all times held himself ready and expressed his willingness to all of appellees to carry out in full all of the terms of his contract as teacher; that appellant was unable, by reasonable efforts, to find remunerative employment of any character during the unexpired term of his contract, or any part thereof.

Appellant further alleged that on October 22, 1921, the trustees of the district, knowing full well that the district had available funds already appropriated to carry out and pay in full the contract entered into with plaintiff, and which funds were not otherwise appro-

priated, but that there were not sufficient funds available to pay another teacher in said district, proceeded to execute a contract with one Nellie McElroy to teach the school in the district for a period of seven months, at a salary of $75 per month, and that this was done in violation of the contract between appellant and the trustees of the district, and that the trustees proceeded to appropriate the sum of $525 of the funds belonging to the district and which were available only for his salary as teacher under his contract, and that they wrongfully signed vouchers therefor in favor of Nellie McElroy against the funds already applicable to plaintiff's contract only, which contract and vouchers with the said Nellie McElroy were wrongfully and illegally approved by the county superintendent, Mathews, with full knowledge on his part that the funds upon which the vouchers were drawn could only be legally applied to the salary of appellant as teacher in the district in accordance with his contract, and that as a result of all this the sum of $525 was unlawfully paid out and placed beyond appellant's reach.

. Appellant further alleged that on September 1, 1921, no application for transfers from the Lucas common school district No. 37 had been placed on file, nor had any been requested of the county superintendent, and that no applications for transfers were made to or filed with the county superintendent up to October 22, 1921, but that on that date the county superintendent, in utter disregard of plaintiff's contract with the school district and his rights thereunder, did transfer a large number of the scholastic pupils out of Lucas district into common school district No. 39 of San Augustine county, and that on April 7, 1922, the county superintendent transferred $366.86 of the funds belonging to the Lucas district and properly applicable only to appellant's contract, all of which was without authority in law and was done willfully and knowingly by said superintendent, to appellant's damage in the sum of $400; that said funds were legally applicable to the payment of the contract between appellant and the Lucas district only, and that sufficient funds to pay appellant for his services under his contract were not left available in the district, and that of all this the county superintendent had knowledge at the time he made such transfers and misappropriated said sum of $366.86.

Appellant further alleged that the trustees, in violation of law, issued their voucher against the funds belonging to the Lucas district on or about the 20th of February, 1922, in favor of S. T. Bryan, one of the trustees, for work claimed to have been done by him upon the schoolhouse in the district, and it was alleged that this voucher was wrongfully, knowingly, and illegally approved by the county superintendent in his official capacity for the sum of $35, and that this

amount was collected, after such approval, by said Bryan, to appellant's damage in the sum of $35.

Appellant further alleged that for the school year 1921–1922, there was received by the Lucas district No. 37, from a local maintenance tax, $554.22, from state and county appropriation, $1,481.55, making a total available fund for such school year for the district $2,035.77; that the trustees, with the approval of the county superintendent, paid, out of said fund, overdrafts from the preceding year out of the local maintenance tax $139.99, and the further sum of $95.51 out of the state and county appropriation, all of which was illegally and unlawfully appropriated by the trustees and county superintendent in violation of appellant's contract.

It was further alleged that the unlawful and unauthorized transfers, diversions, and misappropriations of the funds above set out did not leave sufficient amount of funds for the then current school year to pay appellant's contract, which could only be legally paid out of the current funds for the school year 1921–1922; that, by reason of the unlawful acts of the trustees and the county superintendent, appellant was wholly unable to collect the amount due under the terms of his contract as teacher from the school district; and that their actions, as set out, resulted in his damage to the extent of $1,-135.

Appellant further alleged that at the time of filing this suit there were no funds belonging to the school district legally applicable to the payment of the balance due him under the terms of his contract with the district. His prayer was for recovery of a personal judgment against the trustees of the district for the damages sustained by him by reason of their illegal and unauthorized acts, and also for judgment against the county superintendent, Mathews, and his official bondsmen for damages sustained by appellant by reason of the illegal and unauthorized acts of the county superintendent in the performance of his duties as such official.

There were a number of exhibits attached to appellant's petition, to which the petition referred and asked to be considered as a part thereof, and these exhibits show the proceedings that were had by the trustees of the district and the county superintendent and the county school board of San Augustine county when the controversy arose between appellant and the trustees and the county superintendent regarding the payment of his salary as teacher under his contract. The other exhibits attached to the petition show the rulings and decisions of the state superintendent of public instruction and the state board of education of this state regarding the controversy between appellant and the school authorities of the district in question and the county authorities of San Augustine county.

All the appellees answered, interposing a number of general demurrers, some of them general and some of them special, and upon their presentation to the trial court they were all sustained, and, appellant declining to amend his petition, his suit was dismissed, and from that judgment this appeal is prosecuted. The only question, therefore, before this court at this time, is as to whether the demurrers to appellant's petition, which was his first amended original petition, were properly sustained.

As we have already gone to too great length, perhaps, in setting out the allegations of appellant's petition, we shall not discuss at length the legal effect of the petition as we see it, but shall merely summarize what it shows. As we construe appellant's petition in connection with the exhibits attached, its substance is as follows: That appellant entered into a binding legal contract with the trustees of Lucas common school district No. 37 of San Augustine county to teach the school in that district for a period of nine months, at a salary of $165 per month; that this contract was duly approved by the county superintendent of San Augustine county; that, at the time of the execution of the contract and its approval, there were sufficient funds belonging to the school district and not otherwise appropriated to pay in full appellant's salary under the terms of the contract for the full period of nine months; that, after appellant had entered upon the performance of his duties under the contract and had taught the school for a period of one month, a controversy arose between him and the trustees of the district regarding the payment of his salary, and this controversy was continued for several months thereafter, appellant claiming that he was entitled to be paid $165 per month for each month that he taught, and the trustees claiming, as we gather it, that he had not taught as many days as he presented his voucher for; that each time that appellant presented his voucher to the trustees while he was teaching the school this controversy was renewed, and the trustees declined to approve his vouchers for the amount claimed by him, and the controversy was each time appealed to the county superintendent of San Augustine county, and the actions of the trustees of the district were sustained, and the matter was then appealed to the county school board of San Augustine county, and the actions of the trustees and the county superintendent were by that body sustained; that appellant then appealed the controversy to the state superintendent of public instruction, and that after a hearing of the controversy that official ruled and decided, 'in substance, that the county school authorities of San Augustine county, including the trustees of the district in question, the county superintendent, and the county school board, by their actions and conduct, had forced appellant to give up his school

and to discontinue the performance of the services that he obligated himself to perform under the terms of the contract. As we construe the ruling and decision of the state superintendent of public instruction, that official found and held, in substance, upon the facts before her, that the actions and conduct of the trustees of the district, in refusing and declining to approve appellant's vouchers as teacher, were wrongful and illegal and a breach of their duty as such officials, and that their claim that appellant had breached and abandoned his contract and school was not well founded, and was not true. and that they used that claim merely as an excuse and pretext to cause appellant to give up the school; that that official further found, as we construe the ruling, based upon the facts involved in that controversy, that appellant was entitled to his salary as teacher for the full period of time covered by his contract, less such compensation as he had already received. This decision of the state superintendent was rendered on June 30, 1922, and from it the trustees of the district appealed to the state board of education, and that board affirmed and upheld in all particulars the decision and ruling of the state superintendent.

Appellees have advanced in their brief several propositions under which they argue that the trial court was right in sustaining the general and special demurrers to appellant's petition because on the face of the petition as a whole, read in connection with the exhibits attached, it appears that appellant willfully and wrongfully abandoned his contract to teach the school because the trustees of the district had declined to approve his vouchers, which were drawn for more than he was entitled to under the terms of his contract; in other words, counsel for appellees contend that it is apparent from appellant's petition that there were only two or three days difference between the actual time taught by appellant, as claimed by him, and the time taught as claimed by the trustees, and that it was appellant's duty and it was incumbent upon him to go ahead with the teaching of his school, ignoring the refusal of the trustees to pay him for the two or three days for which they claimed he was not entitled to compensation, and that he was not justified in abandoning his contract and the teaching of his school by reason of such claim made by the trustees and their refusal to pay him for such length of time.

After carefully considering appellant's petition with all of the exhibits, we cannot sustain this contention made by the appellees, and it was not sustained by the state superintendent of public instruction, nor by the state board of education.

[1-3] We hold that appellant's first amended original petition, to which the demurrers, general and special, were sustained by the trial court, shows that they wrongfully and illegally breached the contract entered into by them as school trustees with appellant as a school-teacher to teach the school in the Lucas common school district No. 37 of San Augustine county, and by their actions and conduct, as found and held by the state authorities, compelled and forced appellant to abandon the teaching of the school. We further hold that appellant's petition, construed as a whole, shows that the trustees wrongfully and illegally misapplied and disbursed and exhausted the funds of the school district, which, under the facts as alleged, were applicable only and could be appropriated only to the payment of appellant's salary as school-teacher under the terms of his contract. If these facts be true, as alleged, and they must be taken as true in testing the correctness of the court's action in sustaining the general demurrers in this case, it follows that the trustees are personally liable for their wrongful and illegal actions in disbursing and misapplying the funds out of which appellant's salary only could be paid. Rodgers v. Ferguson, 36 Tex. 544; Stephenson et al. v. Camp, 138 S. W. 816. In the last cited case the Texarkana Court of Civil Appeals, speaking through Judge Levy, among other things, said:

"After a full investigation of the record, we have concluded that the appellants [school trustees] wrongfully disbursed and exhausted the fund out of which appellee's salary as a teacher was payable, and, in defeat of the payment of his last two months' salary for which warrants were drawn, and are legally liable personally for the wrong by which the appellee suffered the damages sued for."

[4] We hold also that it was the duty of the trustees of the district to observe and abide by the ruling and decision of the state superintendent of public instruction and state board of education in holding that the appellant was entitled to the payment of his salary as teacher for the full term of his contract, less the compensation already paid him, unless that ruling and decision is set aside and canceled by a court of competent jurisdiction in a proper proceeding. Articles 4510, 4511, Revised Statutes.

[5] We also think that the appellee W. E. Mathews, who approved, according to appellant's petition, vouchers drawn on the fund which could be appropriated only to the payment of appellant's salary under his contract, with full knowledge of appellant's contract and the proceedings before the proper authorities that he had instituted to have it enforced, is liable to appellant for such illegal and unauthorized act on his part, and that, having acted in his official capacity, his bondsmen are liable with him. Rodgers v. Ferguson, supra.

[6] We also hold that if it be true, as alleged in appellant's petition, that Mathews, as county superintendent, wrongfully transferred funds of the Lucas common school dis-

trict which could be appropriated only to the payment of appellant's salary to another school district in the county, thereby depleting such fund, he and his bondsmen are liable to appellant for such wrongful and illegal official misconduct.

It will be understood, of course, upon another trial, that we are dealing only with the sufficiency of the allegations of appellant's petition as against the general and special demurrers interposed, and not with the merits of the case, whatever they are. We are constrained to believe that the special exceptions that were sustained to the first amended original petition had been directed against appellant's original petition, because it is apparent that appellant amended to meet these very exceptions. None of them should have been sustained. No useful purpose would be served in discussing them, because it is clear that the petition, if true, states all the necessary facts to entitle appellant to recovery for the illegal and wrongful acts of the appellees.

In addition to the general and special exceptions interposed, appellees also answered at much length by a number of defensive pleas, but none of them, of course, are before us, and therefore we pretermit any further mention of them. Unquestionably some of them, if true, would be a complete bar to any recovery by appellant.

We have carefully considered such authorities as counsel for appellees have cited in the brief in support of the trial court's judgment, but we are unable to see that any of them have any relevancy whatever to the questions here involved.

We have no doubt that the trial court was in error in sustaining the general demurrer, as well as any of the special exceptions, and therefore it has been ordered that the judgment be reversed, and the cause remanded.