## HUNTINGTON INDEPENDENT SCHOOL DIST. et al. v. SCROGGINS et al.
### (No. 1604.)

Court of Civil Appeals of Texas. Beaumont. June 20, 1928.

Rehearing Denied July 26, 1928.

J. J. Collins, of Lufkin, for appellants.
Tom F. Coleman, of Lufkin, for appellees.

WALKER, J. On or about the 9th day of June, 1926, the board of county trustees for Angelina county, under authority of articles 2922a to 2922*l* inclusive, of chapter 19a, Revised Statutes 1925, annexed Homer common school district, together with two other common school districts, to the Huntington independent school district for high school purposes, which order was to take effect on September 1, 1926. After the entry of this order, but prior to its effective date, to wit, in July, 1926, the trustees of Homer common school district contracted with Mrs. R. W. Scroggins, appellee here, to teach that school for the year 1926–1927, at a salary of $115 per month. The county school superintendent refused to approve this contract. Afterwards she applied to the trustees of the Huntington independent school district for this school, but when they offered her only $85 per month for her services she did not further prosecute her application to that board. The Huntington independent school district was restrained by injunctive proceedings from taking charge of the Homer common school district, and under the protection of that order the trustees of the Homer common school district continued in charge of that school, recognizing Mrs. Scroggins as the teacher under the contract previously made by them with her, and under authority of that contract she took charge of the Homer school and taught the same until by order of this court the injunction granted by the lower court was dissolved, and the Homer school placed under jurisdiction of the Huntington independent school district. When the order of this court became effective, the trustees of the Huntington independent school district took charge of the school of the Homer common school district, ousted Mrs. Scroggins as teacher, refused to recognize the validity of the contract under which she had been teaching, and refused to pay her for the services rendered.

A short time after the end of the litigation between these two school districts, under legislative authority, the citizens of Homer common school district voted themselves out of the Huntington independent school district and took charge of their school, free from interference by the trustees of the Huntington independent school district. After that was done, Mrs. Scroggins made demand of both of the school districts for the salary earned by her as teacher under her contract with the old trustees of the Homer common school district, and payment being refused, she instituted this suit in the county court to recover for the services rendered. Her husband was joined pro forma as plaintiff. She did not allege that the county superintendent approved her contract with the Homer common school district, nor did she allege that she prosecuted an appeal from the refusal of the county superintendent to approve her contract, nor did she allege that she prosecuted an appeal from the refusal of the trustees of the Huntington independent school district to recognize her contract and to pay her for the services rendered to Homer common school district. The evidence showed that no appeal was prosecuted by her on any of these proceedings; that is to say, the evidence showed that she took no appeal from the refusal of the county superintendent to approve her contract, nor did she appeal from the action of the board of trustees of the Huntington independent school district in refusing to

172

recognize her contract, and to pay for her services as teacher. By her petition, she claimed against the two districts $529. On the verdict of a jury she was awarded judgment against the Huntington independent school district for $327.75, and against the Homer common school district for $172.50. The Huntington independent school district alone has prosecuted this appeal from that judgment.

### Opinion.

■ The judgment against the Huntington independent school district was fundamentally erroneous. Not having prosecuted her appeal from the adverse rulings of the local school authorities, Mrs. Scroggins was not authorized to prosecute her claim through the courts. By articles 2656, 2657, and other related articles, Revised Statutes 1925, the Legislature placed the educational affairs of the state under the jurisdiction of the department of education. Under these articles Mrs. Scroggins had no right to resort to the courts for recovery of the amount claimed by her as teacher until she had exhausted her remedies by appeal to the superintendent of public instruction and from him to the state board of education. Construing these articles, Judge Looney, speaking for the Dallas Court of Civil Appeals, in Johnson v. City of Dallas, 291 S. W. 972, said:

"Construing these statutes, our appellate courts have uniformly held that the Legislature intended to and did place the educational affairs of the state under the jurisdiction of the department of education, and provided specifically for appeals from the rulings and decisions of subordinate school officers to the superintendent of public instruction, and from the ruling of this official to the state board of education. As primary jurisdiction to revise the action of subordinate school officials is lodged with the department of education, it will be conclusively presumed that the department, acting within the scope of its jurisdiction, will correctly and faithfully discharge its duties, and those aggrieved by the action of subordinate officials, on any matter committed to them by the statute, must exhaust these remedies before appealing to the courts for redress. Adkins v. Heard (Tex. Civ. App.) 163 S. W. 127, and authorities, there cited; Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090; South San Antonio Ind. School Dist. v. Martine (Tex. Civ. App.) 275 S. W. 265; McCollum v. Adams (Tex. Civ. App.) 110 S. W. 526; County Trustees v. Bell Point Com. School Dist. (Tex. Civ. App.) 229 S. W. 697."

■ The cited articles have direct relation to the claim of a teacher for earned salary, as well as other matters arising in the enforcement of the public school regulations. Town of Pearsall v. Woolls (Tex. Civ. App.) 50 S. W. 959; Harkness v. Hutcherson, 90 Tex. 383, 38 S. W. 1120; Powell v. Mathews (Tex. Civ. App.) 280 S. W. 903; Boyles v.

Potter County (Tex. Civ. App.) 177 S. W. 211. See, also, article 2693.

Since, on the statement made, the trial court had no jurisdiction of Mrs. Scroggins' demand, the judgment in her favor against the Huntington independent school district was fundamentally erroneous. Wherefore it is set aside and held for naught, and the case dismissed.

Judgment reversed, and cause dismissed.