WALKER, J.
 

 Appellee was employed as superintendent of the Chireno independent school district schools for the year July 1, 1925, to July 1, 1926, at a salary of $2,000 per year, to be paid monthly in installments of $166% per month. He entered upon the discharge of his duties at the beginning of the year, and continued regularly in his employment until the 1st of May, 1926, at which time the school closed. Then he moved from the district to Nacogdoches and went to college., The trustees refused to pay him for May and June, on the ground that by leaving the district he liad abandoned his contract, and on the further ground that the funds of the district were exhausted. Ap< pellee appealed to the county superintendent, as the law directs for districts of the class in which he was teaching, who ordered the district to pay him for the months of May and June. No appeal was prosecuted from this order, but payment was not made for the reason that all available funds had been exhausted. Appellee then instituted this suit against the trustees of the school district, appellants here, personally, for the amount of his unpaid salary, alleging as grounds of recovery: (1) The award of the county superintendent ; and (2), the wrongful disbursement by the trustees of the fund to which he had the right to look for compensation. The school district was also made a party defendant, but went out of the case on its general demurrer, with the consent of appellee. On conclusion of the evidence, the trial court refused the motion of the trustees to instruct a verdict in their favor, to which they excepted, and over their exception instructed a verdict in favor of appellee, and judgment was entered accordingly.
 

 Appellee seeks to sustain his instructed verdict, first, upon the ground that the award of the county superintendent ordering the district to pay his salary not having been appealed from was binding upon the trustees, and, when they refused to pay him according to the award, they became personally liable. This is not a correct construction of the award. By its terms the school district was ordered to pay appellee for the months of May and June. This award was binding upon the trustees only in their capacity as trustees. The effect of the award against all parties was that appellee had legally discharged the duties of his employment, and was entitled to be paid according to the terms of his contract from the available funds of the district. The suit was not against the school district, but against the trustees individually. Appellee was not seeking to subject the funds of the district to the satisfaction of his claim, but was looking to the personal liability of the trustees. That the funds of the district had been exhausted prior to the award and that no funds were available to the trustees with which to satisfy the award was a complete answer to appellee’s allegations of personal liability against them on this count.
 

 For his second ground of affirmance, appellee insists that the approval of his contract by the trustees automatically set apart $2,000 of the available funds of the school district for his use and benefit, and, by making subsequent contracts under which all available funds were exhausted, leaving unpaid $333⅜ of his salary, the trustees made themselves personally liable to him for that sum. Having employed him before any of
 
 *681
 
 tlie funds had. been contracted away, appel-lee insists that the trustees owed him the legal duty of safeguarding the funds so that at all times there would be available funds with1 which to pay him, and the breach of this duty made them, as a matter of law, liable for the unpaid salary. We quote from appellee’s argument as follows:
 

 “Appellee’s contention is that trustees could not reduce the revenues to such an extent as to render them unable to pay appel-lee ; and that $2,000 having been set aside’ and appropriated for the payment of his salary, it becam.e the duty of the trustees to see that this sum was kept in the treasury and available for this purpose. Any reduction of the available revenue below this amount, however worthy the purpose for which it was spent, was in violation of ap-pellee’s rights.”
 

 The facts under this proposition are as follows:
 

 The fund available for the district for the year in controversy was about $6,500. The district required the services of a superintendent and five or six other teachers for the year in question. Appellee was employed as superintendent, and all the other teachers w'ero subsequently employed on his recommendation or with his consent. All salaries for teachers, including his own, were paid only on his indorsement and approval of the salary accounts. The incidental expenses for the year in question were in excess of $400, all of which were paid on appellee’s in-dorsement and approval of the accounts as presented. From the 1st of July, 1925, until all the funds were exhausted, no money was paid for anything except upon the approval and indorsement of appellee; that is, with his knowledge and consent. As superintendent, he was thoroughly advised at all times of the condition and amount of the available funds for the year in question. The available funds of the district were made up in large part from local taxation, and, at the time the teachers were employed, the trustees did not know the amount that would be collected from this source. In fact, about $500 in delinquent taxes were unpaid at the time the school closed and the year ended, and at the time of the trial were still unpaid.
 

 Appellee’s proposition does not correctly state the law of personal liability against the trustees of a school district for the obligations of the district contracted by them within the scope of their powers and duties as such trustees. By his proposition he would make the trustees sureties for the teachers’ salaries, requiring them,.as a matter of law, to anticipate both the needs of the school for the current year and the available funds. If they err in their judgment on these matters, then they would become personally liable. In this case the schools required the services of six or seven teachers and the expenditure of a substantial sum for incidentals. Without these the school could not operate. Ap-pellee accepted his position knowing that he could not teach the school without the expenditure of these funds. He knew the source from which the funds were to be derived, and the uncertainty that would exist in their collection. On the facts, though the funds were exhausted before appellee’s salary was fully paid, yet if the taxes had been duly paid there would have been sufficient funds. Appellee’s proposition, though recognizing an obligation on the pare of the trustees to operate the school, would make them liable for an error in judgment as to the amount of available funds and as to the cost of operating the school. For the reasons stated, appellee’s proposition is not sound.
 

 The general rule seems to be, and we state this as the law of Texas (24 R. C. L. 602, par. 58):
 

 “Generally speaking, school officers, acting within the scope of their duty, ’ are responsible only for injuries resulting from corrupt motives, and not for mistakes of law or judgment.”
 

 Accepting that proposition as the law, ap-pellee wholly failed to make out a case, and judgment should have been instructed in favor of the trustees. This follows because the record showed affirmatively, without controversy and beyond dispute, that the trustees acted in the utmost good faith toward appellee in the expenditure made by them of the available funds for the year in controversy, submitting their own judgment to the approval and ratification of appellee himself.
 

 Appellee says his act in approving the expense accounts was available to'the trustees only by way of estoppel, and, as that issue was not pleaded by them, there is no estoppel in the case. It is not a question of estoppel. To make out a case against the trustees, appellee was. required to show that they exhausted the funds from corrupt motives or in bad faith. Any evidence on that issue was admissible under the general denial, and certainly the fact that appellee himself recommended and approved the expense accounts, knowing they were to be paid from the same fund with his account, rebutted as a matter of law' any inference of bad faith against appellants. Powell v. Matthews, 280 S. W. 903,.by this court sustains our conclusion. We there held that the petition against the trustees individually was good against a general demurrer where it was alleged that they had wrongfully discharged the teacher, or made it impossible for him to teach the school, and then employed another teacher to do his work and paid her from the only available funds, thereby exhausting the funds. No rule is stated by the court in Stephenson v. Camp (Tex. Civ. App.) 138 S. W. 816, except that the trustees are personally liable when it is shown that they “wrongfully disbursed and exhausted the fund out
 
 *682
 
 of which.” the teacher’s salary was to he paid. No facts are given in the opinion.
 

 For the reasons stated, the judgment of the trial court in favor of appellee is reversed, and judgment here rendered in favor of appellants.