## BORGER INDEPENDENT SCHOOL DIST. et al. v. DICKSON.

No. 3856.

Court of Civil Appeals of Texas. Amarillo. July 6, 1932.

Rehearing Denied Sept. 7, 1932.

Lackey & Lackey, of Stinnett, John R. Miller and G. C. Harney, both of Borger, and T. B. Ridgell, of Breckenridge, for appellants.

Jos. H. Aynesworth and H. M. Hood, both of Borger, for appellee.

JACKSON, J.

The record discloses that the legally incorporated Borger independent school district, on April 12, 1928, acting through the duly elected and qualified members of its board of trustees, entered into a written contract with J. A. Dickson, the appellee herein, by the terms of which he was employed as superintendent of the public schools of the Borger independent school district for a term beginning July 1, 1928, and providing that it continue until June 30, 1930, at a salary of $450 per school month.

Pursuant to the contract, the appellee performed the duties of superintendent of said school district and received the agreed remuneration therefor until June 30, 1929. On April 17, 1929, the board of trustees of said district advised appellee that his said contract was for a period of but one year, terminated June 30, 1929, and that his services after said date would not be continued.

The appellee insisted that his contract with the Borger independent school district was for a period of twenty-four consecutive months and did not expire until June 30, 1930. From the action of the board of trustees declaring his contract terminated at the end of one year, he prosecuted an appeal to the state superintendent of public instructions, who, on July 30, 1929, held that the contract was valid and binding for a period of twenty-four months and did not terminate until June 30, 1930. The board of trustees, after their motion for rehearing was overruled by the state superintendent, appealed to the state board of education, and that body, after consideration, unanimously affirmed the decision of the state superintendent declaring the contract valid for a period of two years, and the state superintendent directed the board of trustees of said district to pay appellee the sum of $4,950.

On the authority of the decision of the state board of education and the direction of the state superintendent, appellee presented

his claim for $4,950 to the board of school trustees of said district for allowance, and the claim was rejected. From this action of the board the appellee appealed to the state superintendent, and his contention was again sustained, from which decision no appeal was prosecuted.

Shortly after the appellee was discharged by the board of trustees, they employed Dan Baker, who had theretofore been engaged as principal of the Borger schools, as superintendent, and he assumed the duties and performed the services of such superintendent for the school year ending June 30, 1930.

At some time, the date not being revealed by the record, $2,000 designated "special superintendent's fund," was placed in the depository of the school district by the direction of the state superintendent to be used to the extent thereof by the school trustees in discharging the obligations of the district to the appellee. Out of this special superintendent's fund and the maintenance fund for the school year ending June 30, 1930, by order of the trustees, Superintendent Baker collected his salary.

On March 10, 1931, J. A. Dickson, as plaintiff, instituted suit in the district court of Hutchinson county, Tex., against the Borger independent school district and the trustees thereof and Dan Baker, seeking a judgment for his claim against the school district and the individual defendants. Mrs. J. C. Carroll, one of the trustees, was a married woman, and her husband, J. C. Carroll, was made a party pro forma to the suit.

The appellee alleged his employment, his discharge, the decisions made by the state superintendent and the state board of education, attached to his petition copies of such decisions, charged that the funds belonging to the school district out of which his claim should have been paid had been exhausted and misappropriated wrongfully, and pleaded in detail the connection of the individual defendants with his wrongful discharge and the wrongful misappropriation of such funds.

The Borger independent school district answered by plea in abatement, urging misjoinder of parties and causes of action, general demurrer, numerous special exceptions, and pleaded that the appellee was employed on April 28th as superintendent of the schools for a period of but one year; that he was instructed to prepare and present to the president and secretary of the board for execution, a contract containing a provision limiting the contract period to one year; that appellee prepared the contract, but fraudulently eliminated therefrom the provision limiting its duration to one year and inserted a provision that the contract should run two years; that the contract as so fraudulently changed was presented to the president and secretary of the school board, who, having the utmost confidence in the honesty and integrity of appellee, executed said contract without any knowledge of the fraudulent change made therein; that the president and secretary were without authority to execute a contract for a period of two years; that such contract was therefore void; appellant's services were properly terminated at the end of one year; and that the school district was in no way liable for the claim asserted by appellee.

Mrs. J. C. Carroll in her answer pleaded coverture, and she and the other trustees, in substance, adopted as a defense the allegations in the answer of the Borger independent school district, and by way of cross-action sought judgment against the Borger independent school district for any sum adjudged against them or either of them.

The defendant Baker, in substance, adopted the demurrers and exceptions of the other defendants, and alleged that he taught the school for the school year ending June 30, 1930, devoted his time to such services, that the remuneration he received therefor was reasonable and a just debt against the district and he was in no wise liable to appellee, and asked, in the event any judgment was rendered against him, that he have judgment over against the Borger independent school district.

In response to special issues submitted by the court, the jury found, in substance, that the contract between the Borger independent school district and the appellee, J. A. Dickson, extended for a period of two years, beginning July 1, 1928, and ending on June 30, 1930; that the Borger independent school district did not have more funds than were required for the maintenance of its schools for the school year ending June 30, 1930; that at this time the school district had no funds that originated during the school year ending June 30, 1930; that the sum of $1,600 was placed in the "special superintendent's fund" and paid out on the order of the board of trustees; that the school district had for the maintenance of its schools during the school year ending June 30, 1930, $114,000; that the trustees of said district did not act in good faith with the appellee, J. A. Dickson, in expending the funds of the district for the school year ending June 30, 1930, did not act within the scope of their official duties, but acted from corrupt motives in paying out and disbursing the funds of the district for said year.

On these findings judgment was entered in favor of appellee, J. A. Dickson, against the Borger independent school district for the amount of his claim, with interest and costs of suit; that the judgment should be payable only out of funds now or hereafter in the possession of said district ac-

cruing out .of taxes for the school year ending June 30, 1930, or from any other funds available for the maintenance of said schools for said year; that the appellee have and recover from J. H. Walker, G. P. Cain, Guy Coffee, E. C. Carver, Wm. Colburn, John T. Buckley, John R. Miller, Grady Thompson, Heywood Moore, and Mrs. J. C. Carroll, jointly and severally, the amount of his claim, with interest thereon; and that he recover from Dan Baker the same sum. No judgment except for costs was rendered against J. C. Carroll, and it was decreed that the judgment against Mrs. J. C. Carroll should be collected against her separate estate in the event her separate estate was sufficient to discharge it, and, if not, execution was directed to be levied against the community property of herself and her husband. It was decreed that the plaintiff should have only one recovery in satisfaction of his judgment against the several defendants named, and that the school trustees have judgment over against the Borger independent school district for such sum or sums as they or either of them should be required to pay in satisfaction of the judgment, and that the judgment for the trustees should be payable only out of available school funds, if any, of the school district for the school year ending June 30, 1930. The defendants appeal.

The appellants admit in their brief that the record fails to show that they sought or obtained a ruling of the trial court on their pleas in abatement urging misjoinder of parties and causes of action, and there is no error relating to said pleas before us for determination.

The assignments of error attacking the ruling of the court on the demurrers and exceptions of appellants to appellee's petition probably present the same contention.

"The general policy of the law is to permit all controversies, of legal or equitable cognizance, relating to one subject-matter, and as affecting all interested persons, to be settled in one suit where this can be done without undue prejudice to the rights of any of the parties. * * * That policy allows joinder in respect to matters ex contractu and ex delicto if they arise out of or relate to the same transaction, and if, in their main aspects, the same evidence will solve the questions of liability as to each or both." Blum Milling Co. v. Moore-Seaver Grain Co. (Tex. Com. App.) 277 S. W. 78, 80, and authorities cited.

■ Appellants' contention is not sustained.

The appellants present as error the action of the trial court in overruling their exceptions to the allegation of appellee's petition and the exhibits attached thereto showing the decisions of the state superintendent and the state board of education because the suit requires a trial de novo on the merits and said

decisions were not binding on any of the defendants and especially not binding on the individual defendants.

■ The Borger independent school district was a party to the proceedings in which the decisions of the educational department were rendered, and as to it the orders of the state superintendent and the state board of education had become final and could not be attacked by said defendant in this suit. State et al. v. Abshier et al. (Tex. Com. App.) 263 S. W. 263; Brazoria Independent School District v. Weems (Tex. Civ. App.) 295 S. W. 268; Duncan et al. v. Bowman et al. (Tex. Civ. App.) 22 S.W.(2d) 683; Powell v. Gibson (Tex. Civ. App.) 43 S.W.(2d) 1113; Huntington Independent School District v. Scroggins (Tex. Civ. App.) 9 S.W.(2d) 171.

The record shows that said decisions of the state department of education were excluded from the consideration of the jury against the individual defendants and the issues that were made by the pleadings of the appellee and said individual defendants and raised by the testimony offered by all parties were submitted to the jury and determined against the appellants on sufficient evidence.

The appellants contend that the court erred in rendering judgment against them because the facts disclosed by the record show no liability against them under the law.

■ In discussing the personal liability of the officers of a school district for dispensing the school funds, it is said, in 56 C. J. p. 345, § 220: "Such an officer is personally liable for any unauthorized or improper disbursement by him of such funds or any misapplication or misappropriation thereof as for a conversion and members of a board of directors or the like who vote for or permit a misapplication of school funds are personally liable for the amount so misappropriated."

In Powell v. Mathews, 280 S. W. 903, 907, the Court of Civil Appeals of Beaumont holds that, where it is shown that the trustees wrongfully and illegally misapply, disburse, and exhaust the funds of a school district which were applicable only and could be appropriated only to the payment of a teacher's salary, that: "The trustees are personally liable for their wrongful and illegal actions in disbursing and misapplying the funds out of which appellant's salary only could be paid. Rodgers v. Ferguson, 36 Tex. 544; Stephenson v. Camp [Tex. Civ. App.] 138 S. W. 816." Chireno Independent School District et al. v. Wedgeworth (Tex. Civ. App.) 15 S.W.(2d) 679.

It is urged in behalf of Mrs. J. C. Carroll that the court committed reversible error in rendering a judgment against her because, although she was a member of the school board at the time the funds were misapplied, she was a married woman, and the funds were not expended for necessaries for herself

or her children, or for the benefit of her separate estate.

"While at common law both by reason of her sex and by reason of the merger of her identity in that of her husband, a married woman possesses but few political rights and privileges, under modern constitutional and statutory provisions emancipating women generally and removing the disabilities of coverture, a married woman has, at least potentially, all the civil rights of her husband; she has been fully emancipated as a citizen both by the state and federal constitutions and is eligible to any position which her husband can hold." 30 C. J. 722, § 335.

The Supreme Court of this state held in Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012, that a married woman is eligible to hold office in this state.

"At one time in England an office was regarded as a burden which the incumbent for the common good was bound to bear. And today one who accepts a public office does so cum onere and is considered as accepting its burdens and obligations with its benefits." 22 R. C. L. 462, § 126.

■ Mrs. Carroll was not acting in the limited capacity of a married woman transacting business for herself, but was acting in her official capacity as a school trustee, an office to which she had been duly elected, the duties of which she had assumed, and the obligations of which she had accepted, and in our opinion could not defeat her liability because of her coverture.

She was also liable, we think, because she was a party to the action of the board by which funds were diverted and misapplied, and such misappropriation constituted a tort for which the law holds her accountable although a married woman.

"Whenever a married woman commits a tort, she, as well as her husband, is liable for the damage resulting to another therefrom. McQueen v. Fulgham, 27 Tex. 463, 467; Zeliff v. Jennings, 61 Tex. 458, 470. Liability for such damage is not affected by reason of the fact that the commission of the tort has some relation to, or connection with, a contract which she is incapacitated to make because of her coverture, provided the tort and her liability arising therefrom may be established independently of her purported contractual obligations. Whitney [Hardware Co.] v. McMahan, 111 Tex. 244, 231 S. W. 694; Crawford v. Doggett, 82 Tex. 139, 17 S. W. 929, 27 Am. St. Rep. 859; 30 Corpus Juris, 786; Wirt v. Dinan, 41 Mo. App. 236; Pitcher v. Jones, 40 Mo. App. 583; Kilgore v. Jordan, 17 Tex. 350; Rice v. Boyer, 108 Ind. 472, 9 N. E. 420, 58 Am. Rep. 53; Patterson v. Kasper, 182 Mich. 281, 148 N. W. 690, L. R. A. 1915A, 1221; 38 Cyc. p. 426 et seq." Scott, Commissioner of Insurance, v. Brazile et ux. (Tex. Com. App.) 292 S. W. 185, 186.

The appellants urge as error the action of the trial court in rendering judgment against all of the defendants who had acted as trustees of the Borger independent school district, because some of said defendants were not members of the board at the time the appellee was discharged and others were not members of the board at the time the order was passed diverting and misappropriating the funds to the payment of the salary of Superintendent Baker.

The record shows that seven of the defendants were trustees and as such discharged the appellee, and that all of the trustee defendants participated in the misappropriation of the fund or some part thereof.

"It is, and has long been, a generally recognized rule that there is no line of separation between the liability of joint tort-feasors. The tort is a thing integral and indivisible, and any claim for injuries arising therefrom runs through and embraces every part of the tort. The liability of one cannot be carried into any portion of the joint tort that is not followed by an equal liability of the other tort-feasors. Each is liable for the whole, and the injured party may pursue one separately, or he may pursue all jointly, or any number less than the whole number." McBeath v. Campbell et al. (Tex. Com. App.) 12 S.W. (2d) 118, 121.

The appellant Dan Baker assails as error the action of the trial court in rendering judgment against him, because under the facts disclosed by the record such judgment was not authorized.

■ It will be noted that there was no issue submitted to the jury and none requested by the appellee authorizing the jury to determine the facts on which this defendant was sought to be held. There is no testimony in the record that this appellant induced the school board to discharge the appellee or had any connection with such discharge. There is no testimony in the record that this appellant had anything to do with the diversion and misappropriation of the funds, other than presenting his vouchers and having them approved and accepting payment for his services as superintendent out of such funds. In our opinion the court committed error in rendering judgment against appellant Baker, and as to him the judgment of the trial court is reversed, and is here rendered that appellee take nothing against appellant Baker.

The judgment against all other defendants is in all things affirmed.