### CAMPBELL et al. v. JONES et al.
### No. 6285.

Court of Civil Appeals of Texas. Amarillo.
Feb. 16, 1953.

Rehearing Denied April 20, 1953.

Small, Small & Craig, Austin, for appellants.

Critz, Kuykendall, Bauknight & Stevenson, Austin, for appellees.

PITTS, Chief Justice.

This action arose as a result of an alleged breach of a teacher's contract with the Board of Trustees of the Wellington Independent School District for the school year of 1949-50. After hearings were had, the teacher's contentions in the matter were

successively sustained by order of the State Superintendent of Public Instruction, the State Board of Education and the District Court of the 53rd Judicial District of Travis County, Texas. In the meantime appellants herein, Tom Campbell, W. E. Hughes, Elmer Heitt, Jim Woods, Drury Lacy, Fred Cox and Austin O'Neil, the duly elected and acting Trustees of the said School District at all times here pertinent, filed suit against the teacher in question, Mrs. Frances Jones, joined by her husband, Truman J. Jones, appellees herein, seeking damages against appellees in the total sum of $7,000 by reason of alleged libelous and slanderous statements made against appellants and each of them by the said teacher and for a declaratory judgment exonerating appellants from any personal liability to appellees by reason of their official acts or omissions as members of the said Board of Trustees. Appellees, then being residents of Lamb County, Texas, answered by filing their pleas of privilege to be sued, if at all, in Lamb County and, subject to the same, they filed a cross-action against appellants for damages, jointly and severally, in the sum of $1246.50, with 6% interest thereon from November 13, 1950, until paid, because of the alleged breach by them of Mrs. Jones' school contract, followed by their wrongful misuse and dissipation of the school funds for the said school year after having knowledge that her contract in question had been held to be valid by a proper authority and after she had asserted to them a claim against the school funds for her salary for several months as a teacher in the said school. Thereafter appellants by a motion filed took a nonsuit as to their alleged cause of action filed against appellees. They likewise joined issues with appellees in their alleged cause of action by denying the existence of the alleged contract and denying personal liability in any event. The case proceeded to trial before the court without a jury upon appellees' cross-action, as a result of which judgment was rendered for appellees in the amount sued for, from which judgment this appeal was perfected.

As a result of admissions of fact made by stipulation, there remains only two controlling issues to be here determined: (1) whether or not appellants, acting as Trustees of the Wellington Independent School District, had entered into a binding contract with Mrs. Frances Jones as a teacher in the Wellington Public Schools for the school year of 1949–50; (2) if such contract was binding, whether or not appellants, acting as Trustees, were personally liable as a result of the breach of the said contract because they spent all of the school funds otherwise for the said school year without paying Mrs. Jones for the time she failed to gain employment by reason of the breach of her contract.

The record reveals that Mrs. Jones had taught in the Wellington Public Schools for six successive school years immediately prior to the year in question; that on April 20, 1949, she had by order of the Board of Trustees been employed as a teacher for the year in question provided she met certain scholastic requirements; that on August 31, 1949, Mrs. Jones was notified by the Trustees that her services as a teacher for the said year would not be needed and on the following day another teacher was employed by the Board of Trustees to fill the position formerly held by Mrs. Jones. Mrs. Jones, after giving notice to the Trustees, appealed from the School Board's decision to the State Superintendent of Public Instruction under the provisions of Article 2656, Vernon's Annotated Civil Statutes. All parties were heard by the State Superintendent who held that Mrs. Jones had met the scholastic requirements in question in due time and by order duly entered declared her contract of employment to be valid and binding. From such finding and order appellants, as members of the Wellington Board of Trustees, appealed to the State Board of Education, which heard and considered the appeal, as a result of which it in all things sustained the findings and order of the State Superintendent and entered its order directing the Wellington Independent School District to pay Mrs. Jones the sum of $1246.50 (the said sum having been fixed by a stipulation of the parties as hereinafter set out). Appellants, as Trustees of the said District, appealed from the decision and order of the said Board of Education by filing a suit in the District Court

of Travis County seeking, in the name of the District, to set aside, nullify and vacate the order of the State Board of Education. Appellees herein intervened in that suit. All parties were heard before that court, which sustained, upheld and affirmed the order of the State Board of Education and held the same to be valid and enforceable. The School District, acting by and through its Trustees and Attorneys, gave notice of appeal but no appeal was perfected and the trial court's judgment became final, some months after which this action was heard with the results previously stated.

By stipulation the parties agreed that the other teacher employed on or about September 1, 1949, to replace Mrs. Jones in the said school taught for the said school year of 1949–50 and was paid, together with all other teachers for the said year, out of available funds of the said District for the said year; that Mrs. Jones was unable to find regular employment as a teacher in Wellington, but the evidence reveals that she found employment later at Littlefield, Texas; that the difference between the amount of money earned by Mrs. Jones during the said school year and the amount she would have received in the Wellington school if she had taught there was $1246.50; and that all the funds collected for the said School District for the said school year of 1949–50 had been subsequently spent by the District, but during the said school year the said District had sufficient funds available for paying teachers' salaries and other current expenses for the said school year.

Appellants knew personally about the hearings being held and the results of each. They authorized the appeals that were perfected to the State Board of Education and to the Travis County District Court and employed counsel to represent the District in such hearings. They either attended the hearings in person and participated in them or were well represented there and were charged with notice of the results. The contract of employment was, in effect, held to be valid and binding by every tribunal that heard the issues. A court of competent jurisdiction, a forum selected by appellants themselves as Trustees of the District to hear the issues, rendered a final

judgment upholding, in effect, the validity of the contract in question and approved the action of the State Board of Education in its order directing the School District, the funds of which were controlled by appellants, to pay Mrs. Jones the sum of $1246.50. For all of these stated reasons the first controlling issue of whether or not there existed a valid and binding contract is foreclosed against the contentions made by appellants, who, being and having been interested parties, are bound by the terms of the contract. Town of Pearsall v. Woolls, Tex.Civ.App., 50 S.W. 959; Bevers v. Winfrey, Tex.Civ.App., 260 S.W. 627; Temple Independent School Dist. v. Proctor, Tex. Civ.App., 97 S.W.2d 1047; State ex rel. Marrs, State Superintendent v. Abshier, Tex.Com.App., 263 S.W. 263; American Indemnity Co. v. Fellbaum, 114 Tex. 127, 263 S.W. 908, 37 A.L.R. 633; Gragg v. Hill, Tex.Civ.App., 58 S.W.2d 150; Blair v. Board of Trustees, Trinity Independent School Dist., Tex.Civ.App., 161 S.W.2d 1030; 26 Tex.Jur. 54, Sec. 373.

Notwithstanding the valid contract of employment between Mrs. Jones and the Board of Trustees of the Wellington Independent School District for the school year of 1949–50, Mrs. Jones was notified on August 31, 1949, by the Board of Trustees that her services were not needed for the said year and on the following day another teacher was employed by the said Board to take her place in the said school. On September 5, 1949, Mrs. Jones gave notice to the Trustees of her intention to appeal from their decision to the State Superintendent. On October 3, 1949, the Board of Trustees was given notice again of the appeal, through Mrs. Jones' attorney, and she also then and there gave the Board notice of her claim of salary and that she would endeavor to hold the members of the Board personally liable if they did not make provisions for paying her out of the current school funds for the school year of 1949–50. At least one member of the Board, together with counsel, attended the hearing conducted by the State Superintendent of Public Instruction on October 31, 1949. On November 10, 1949, the State Superintendent entered his order

holding the contract in question valid and the Board of Trustees had knowledge of such order early in the school year of 1949–50 when the District still had sufficient current funds to pay Mrs. Jones, who had previously advised them she was claiming her salary and would seek to hold them personally liable if the Board did not retain sufficient school District funds for the current year to pay her. The Board did not retain sufficient funds for the current school year to pay Mrs. Jones in accordance with the order of the State Superintendent, but it perfected an appeal to the State Board of Education and participated either in person or by counsel, or both, in that hearing conducted on November 13, 1950, as a result of which the order of the State Superintendent was sustained and the Board of Trustees was ordered to pay Mrs. Jones $1246.50. The Trustees did not pay Mrs. Jones anything but instead appealed to the District Court of Travis County where they participated either in person or by counsel, or both, in a trial conducted on January 19, 1952, as a result of which a final judgment was entered on January 22, 1952, sustaining the order of the Board of Education.

It is admitted that the Wellington School District had sufficient current school funds to pay Mrs. Jones when her valid contract was breached by notice given her on August 31, 1949, to the effect that her services were not needed and it had such funds even when she notified the Board on October 3, 1949, that she would hold the Trustees personally liable if they did not retain sufficient school funds with which to pay her. The Board of Trustees paid the teacher who replaced Mrs. Jones and all of the other teachers for that year and other current expenses for the year. Therefore the District must have had sufficient funds with which to pay Mrs. Jones when the State Superintendent entered his order on November 10, 1949, declaring Mrs. Jones' contract valid. But it has been stipulated that the said District did not have sufficient funds with which they could pay Mrs. Jones on January 22, 1952, when the District Court of Travis County entered its final judgment.

It therefore conclusively appears from the record: (1) that the School District had sufficient current funds available to pay Mrs. Jones the sum of $1246.50 at the time her contract was breached, at the time the said contract had been held valid by the State Superintendent, and for some time thereafter; (2) that the said available funds had been subsequently diverted or appropriated and used for other purposes by order and under the direction of appellants, acting as the Board of Trustees for the said District; and (3) that such funds were not available for paying Mrs. Jones at the time of the trial of this action. It is conceded that a school district is not authorized by law to pay a school debt legally incurred out of school funds belonging to a subsequent school year. Therefore Mrs. Jones could not be lawfully paid out of school funds collected and belonging to the Wellington School District for some year subsequent to the school year of 1949–50. City State Bank in Wellington v. Wellington Independent School Dist., 142 Tex. 344, 178 S.W.2d 114. For these reasons it is our opinion that the trial court was justified in concluding and holding that appellants were personally liable to appellees, jointly and severally, for the sum of $1246.50 as damages due appellees. The trial court was also justified in allowing lawful interest thereon from November 13, 1950. Gragg v. Hill, supra. And such is true notwithstanding the good faith and good intentions of appellants personally and the fact that they had been advised by legal counsel that no contract existed between the parties. Appellants, as members of the School Board, had supervision and control of the school funds for the school year in question. When appellants, as members of the School Board, notified Mrs. Jones that her services for the said year were no longer needed, they repudiated a valid contract and committed a breach. When they thereafter knowingly and without safeguarding themselves by retaining sufficient school funds to pay the established claim of Mrs. Jones, put all of the school funds for the school year 1949–50 out of the reach of Mrs. Jones by appropriating the same to the payment of other obligations, after hav-

ing been fully informed of her claim, they committed a personal wrong against Mrs. Jones and became personally liable to appellees.

■ In the case of Borger Independent School Dist. v. Dickson, Tex.Civ.App., 52 S.W.2d 505, 507, writ refused, there existed a similar factual situation and this court there held the trustees were personally liable. We quote from that case as follows:

"In discussing the personal liability of the officers of a school district for dispensing the school funds, it is said, in 56 C.J. p. 345, § 220: 'Such an officer is personally liable for any unauthorized or improper disbursement by him of such funds or any misapplication or misappropriation thereof as for a conversion and members of a board of directors or the like who vote for or permit a misapplication of school funds are personally liable for the amount so misappropriated.'

"In Powell v. Mathews, 280 S.W. 903, 907, the Court of Civil Appeals of Beaumont holds that, where it is shown that the trustees wrongfully and illegally misapply, disburse, and exhaust the funds of a school district which were applicable only and could be appropriated only to the payment of a teacher's salary, that: 'The trustees are personally liable for their wrongful and illegal actions in disbursing and misapplying the funds out of which appellant's salary only could be paid. Rodgers v. Ferguson, 36 Tex. 544; Stephenson v. Camp (Tex.Civ. App.) 138 S.W. 816.' Chireno Independent School District et al. v. Wedgeworth (Tex.Civ.App.) 15 S.W. 2d 679."

In that case the Trustees contended, just as the Trustees here contend, that some of the appellants were not members of the school board at the time the teacher was discharged and others were not members of the board at the time the funds in question were diverted and misappropriated but the court there held that all of the trustees participated in some part of the transactions in question and were all therefore liable. Such holding likewise determines the similar question here presented. In addition to the authorities previously herein cited we likewise cite: 34 Tex.Jur. 473, § 86; Stephenson v. Camp, Tex.Civ.App., 138 S.W. 816; Powell v. Mathews, Tex.Civ. App., 280 S.W. 903; Rodgers v. Ferguson, 36 Tex. 544.

In the Rodgers-Ferguson case the Supreme Court said:

"In all cases a party who is injured by the wrongful acts of public officers is entitled to actual damages; but 'if the act be attended with malice, or done under aggravating circumstances and in violation of a plain right, the injured party may recover consequential and even punitory damages."

However, Mrs. Jones is only seeking actual damages and she minimized them by accepting employment as a teacher in another school in January of 1950.

For the reasons stated we overrule appellants' points of error and affirm the judgment of the trial court.

On Motion for Rehearing.

PER CURIAM.

In their motion for rehearing appellants have charged, among other things, that some of the holdings of this court are not supported by the record. They further contend that appellants, and particularly Austin O'Neil and Elmer Heitt, are not shown to be personally liable to appellees for damages.

Appellants, O'Neil and Heitt, together with all other named appellants, instituted this suit and were first to raise by their pleadings the issues presented herein and considered by this court. In their original petition filed in this action against appellees, they sought damages against appellees because of alleged libelous and slanderous statements made about them by appellee, Mrs. Frances Jones, and they further therein sought a declaratory judgment exonerating them from any personal liability to appellees as a result of their acts or omissions as members of the School Board of Wellington Independent School District.

In their original petition appellants pleaded that during the year 1950 they were the duly elected, qualified, acting members of the Board of Trustees of the Wellington Independent School District, which Board had control and management of the business of the said District. They further alleged that they had at all times acted "within the scope of their official duties" and that they as such Trustees "are only personally liable for the *debts* of such District in the event such Trustees have *wrongfully, improperly* and illegally *disbursed or misapplied* funds of such District out of which *debts* could have been paid" (emphasis ours). It is true that appellants saw fit to ask for a nonsuit after appellees joined issues with them and after appellees had likewise filed a cross-action against all of appellants seeking damages and raising the same issues of personal liability that appellants themselves had already raised in their original petition and particularly in their prayer for a declaratory judgment.

Appellants' original petition containing the foregoing admissions was before the trial court and the same is before this court. The record contains other admissions of both parties made by stipulation. Both oral testimony and record evidence were also introduced and heard by the trial court but it was not necessary to offer evidence to prove admissions made by the parties.

As a result of all evidence heard and all admissions made by the parties, we held, in effect, that the trial court was justified in finding and concluding that appellants had (using their own language) "wrongfully" and "improperly" "disbursed or misapplied" funds of the School District that should have been used to pay a "debt" they owed Mrs. Frances Jones by reason of her valid contract with them as a teacher and by reason of appellants having breached the said contract they had committed a personal wrong against Mrs. Jones for which they were each personally liable to her. It is our opinion that our holdings made in our original opinion are well supported by the record and appellants' motion is therefore overruled.