MARY E. PITCHER, Respondent, v. JOHN W. JONES *et al.,* Appellants.

St. Louis Court of Appeals, April 15, 1890.

Practice, Trial: ORDER OF PROOF. The order of proof is a matter mainly within the discretion of the trial court, and its ruling thereon will not be reversed when there is nothing showing an abuse of its discretion.

*Appeal from the Greene Circuit Court.*—HON. JOS. CRAVENS, Judge.

AFFIRMED.

*Goode & Cravens*, for the appellants.

*Silsby & Buckley*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, who is, and was at the dates herein-after stated, a married woman, entered into a contract with the defendants, for the purchase of a certain lot of land, which was evidenced by the following memorandum:

"SPRINGFIELD, Mo., November 3, 1888.

"Received of Mrs. Mary E. Pitcher one hundred dollars cash payment on house and lot situate on Poplar street—deferred payment, twelve hundred dollars due January 1, 1889, at ten per cent. from date—possession to be given November 15, 1888.   In case this proposition is not accepted by Mrs. Purveyance, this contract void and money returned to Mrs. Pitcher.

"JONES BROS."

Shortly after the execution of the memorandum she paid to the defendants fifty dollars additional.   Not being able to obtain possession of the lot on November 15, 1888, as specified in the memorandum, she demanded the one hundred and fifty dollars, and, upon the defendant's refusal to repay the money to her, she instituted this suit before a justice of the peace for its recovery, and obtained judgment for the amount, both before the justice of the peace and in the circuit court.

The defendants, appealing, assign for error that the court admitted irrelevant evidence, refused to give proper declarations of law asked by them, and committed error in permitting plaintiff to take the stand, and vary her previous testimony, after the cause had been submitted to the court sitting as a jury.

The testimony, which was claimed to be inadmissible for irrelevancy, was evidence tending to show that the plaintiff could not obtain possession on November 15,

there being a tenant in possession who refused to vacate. The defendants objected to this evidence on the ground that they were mere agents, and known to be such to the plaintiff, and that the money was returnable to the plaintiff only in case Mrs. Purveyance did not accept the terms of the contract; that, after Mrs. Purveyance accepted the terms of the contract, the plaintiff's action was against her, and not against the defendants. It is sufficient answer to this question, that there is no evidence whatever in the record that Mrs. Purveyance ever accepted the terms of the contract as made. Her entire testimony which is all the testimony on the subject is as follows:

"I was the owner of the property, known as 437 Poplar street, in Springfield, Missouri. I placed it in the hands of Jones Bros. to sell for me. One of defendants came to me and said they had sold the property to Mrs. Pitcher for thirteen hundred dollars; that I was to have one hundred dollars down, and the balance on first day of January, 1889, with ten per cent. interest. I told him that was satisfactory to me, and my husband joined me in a deed which was made to Mrs. Pitcher. The property was in my name."

It will thus appear that it is not shown that Mrs. Purveyance was ever advised, much less that she ever consented to give possession November 15, 1888, which was as much a condition of the contract as any other. The assignment of error, therefore, which relates to the admission of evidence that the plaintiff could not get possession, must be ruled against the defendants. For like reason, if no other, instructions asked by the defendants, declaring that the plaintiff had no cause of action against them, if Mrs. Purveyance accepted her proposition, were properly refused, regardless of the question whether they embodied correct legal propositions, as there was no evidence to support them.

In regard to the last assignment of error we may say that the order of proof is a matter mainly within

the discretion of the trial court. Such discretion has been held not to be abused by inverting the order of proof in *Pier v. Heinrichshoffen*, 52 Mo. 333, by allowing evidence in chief to be introduced after the close of defendant's case in *Burns v. Whelan*, 52 Mo. 520, and after a demurrer to the evidence in *Tierney v. Spiva*, 76 Mo. 279. There is nothing in this case which shows any abuse of discretion. It does not appear that the defendants could have rebutted the evidence given by the recalled witness, if she would have testified to the same facts in chief, nor does the explanation of her evidence which the court permitted affect, in any way, the merits of the action; it at most goes to the question of a defect of parties, which the trial court might have remedied by amendment. *Mueller v. Kaessmann*, 84 Mo. 331.

We are asked to affirm the judgment with damages. It is an action for money withheld by the defendants from the plaintiff on wholly untenable grounds, and as above seen, there is no proposition involved in the case which is fairly debatable. We therefore affirm the judgment with ten per cent. damages. All the judges concur.