JOHN WIRT, Plaintiff in Error, v. ANNA DINAN and her Husband, Defendants in Error.

Kansas City Court of Appeals, May 12, 1890.

1. **Attachment:** APPELLATE PRACTICE : WRIT OF ERROR : JUDGMENT QUASHING ATTACHMENT. A judgment sustaining a motion to quash an attachment is not a final judgment, and an appellate court cannot, on writ of error, review such judgment.

2. ——— : ——— : ——— : ABATEMENT : APPEAL OR ERROR. The provisions of section 439, Revised Statutes, 1879, in reference to appeals from judgments on pleas in abatement are not applicable to proceedings on motion to quash under section 445 of said revision;

but, if such provision did apply, said section is not intended to permit a writ of error which may be sued out at any time within three years, but to authorize only an appeal, which must be taken at the term of the judgment.

3. Appellate Practice : MOOT CASE. Appellate courts will not declare the law on a mere moot case—trying nothing but mere supposable legal issues.

*Error to the Bates Circuit Court.*—HON. D. A. DEARMOND, Judge.

WRIT DISMISSED.

*Holcomb & Smith* and *Parkinson & Graves*, for appellant.

(1) The judgment, to reverse which the writ of error has been sued out, is not a final judgment, and cannot, therefore, be reviewed by this court. *Tanner v. Irwin*, 1 Mo. 65 ; *Palmer v. Crane*, 8 Mo. 619 ; *Davis v. Perry*, 46 Mo. 449 ; *Anderson v. Moberly*, 46 Mo. 191 ; *Boggess v. Cox*, 48 Mo. 278 ; *Conn v. Ferree*, 60 Mo. 17 ; *Evans v. Russell*, 61 Mo. 37 ; *Walser v. Haley*, 61 Mo. 445 ; *Johnson v. Board of Ed.*, 65 Mo. 47 ; *Jones v. Evans*, 80 Mo. 565 ; *Railroad v. Kansas City*, 29 Mo. App. 89 ; *Richards v. Johnson*, 34 Mo. App. 83. (2) The fact that a judgment for cost was rendered against plaintiff does not make the judgment of the circuit court in this cause final. *Conn v. Ferree, supra ; Evans v. Russell, supra.* (3) The judgment rendered by the circuit court was in pursuance of the provisions of section 445, Revised Statutes, 1879, page 70. No right of appeal or of writ of error is given by statute to review such a judgment. (4) The right of appeal from a judgment not final given by section 439, Revised Statutes, 1879, page 69, being in derogation of the general rule of law cannot be extended by judicial construction to apply to the judgment in this case. *Claflin v. Hoover*, 20 Mo. App. 314 ; *Hemelreich v. Carlos*, 24

Mo. App. 272, 273 ; *Easton v. Courtwright*, 84 Mo. 27.
( 5 ) Even granting that section 439, *supra*, does apply
to the case at bar, then the plaintiff in error has no
standing in this court on writ of error. *Duncan v.
Forgey*, 25 Mo. App. 310; *Young v. Hudson*, Sup.
Ct. ( not yet reported ); 12 S. W. Rep. 632 ; *St. Louis v.
Marchel*, not reported.

J. *T. Smith* and *Railey & Burney*, for respondent.

( 1 ) The judgment in this cause was such a final
judgment as will support an appeal or writ of error.
2 Thompson on Trials, sec. 2337 ; *Leimer v. Railroad*,
26 Mo. 26 ; *Spears v. Bond*, 79 Mo. 469 ; *Rogers v. Gos-
nell*, 51 Mo. 468; *Moody v. Deutsch*, 85 Mo. 244.
( 2 ) Even if the writ of error was improperly sued out,
under the practice in this state, it would be proper
before dismissing the writ for the court to pass upon
the merits involved, and thus save further expense and
litigation. *Turpin v. Turpin*, 88 Mo. 339–340; *Hollo-
way v. Holloway*, 97 Mo. 629.

GILL, J.—Plaintiff's counsel states this case as
follows :

Plaintiff brought suit in the circuit court of Bates
county, Missouri, by attachment, and levied upon the
goods and lands of defendants found in said county.
The ground of attachment alleged by the plaintiff is
found in the twelfth subdivision of section 398 of the
Revised Statutes of Missouri, 1879. The facts consti-
tuting the cause of action were fully set out in the peti-
tion and affidavit of the plaintiff. It was therein
alleged, in substance, that defendant Anna Dinan, for
the purpose of cheating and defrauding plaintiff, and
obtaining money from him, did, about the thirty-first
day of August, 1889, in the absence of her husband, and
without his consent or knowledge, steal twenty-eight
head of cattle in Bates county, Missouri, from August

Wirt v. Dinan.

Schuman, of the value of five hundred and fifty dollars; that she drove twenty-six head of said cattle to the farm of plaintiff in Cass county, Missouri, still in the absence of, and without the consent of, her husband, and falsely and fraudulently, and for the felonious purpose of obtaining money from plaintiff, represented to him that she was a poor unmarried woman of the name of Maggie O'Grady, and a widow; that she was traveling to the northern part of the state of Missouri to see her relations; that the twenty-six head of cattle were her own property, and all the property she had, and that she was greatly in need of money to continue her journey, and asked and solicited plaintiff to purchase them from her. It is further stated in the affidavit that plaintiff relied upon said statements and representations, and believed them to be true, although they were, in fact, all false, and well known by her to be false, and was thereby induced to, and did, purchase the cattle from her and pay her, in cash, $498.90; that, afterwards, the owner of the cattle, August Schuman, reclaimed them and took them out of the hands of plaintiff; that, by reason of the false and fraudulent conduct and representations of defendant Anna Dinan, plaintiff has lost and is damaged in the sum of $498.90. A writ of attachment was issued pursuant to the affidavit, and the sheriff levied upon a large amount of defendant's property.

Defendants then moved to quash the writ and the return thereof on the ground that the defendant Anna Dinan was a married woman, and, this being an action at law, it cannot be maintained against her. And, also, that the defendant Anna Dinan, being under coverture, her contract for the sale of the cattle to plaintiff was void, and the damages connected therewith could not be recovered, either against her or her husband. The court sustained the motion to quash, and rendered a judgment thereon against plaintiff, ordering and

adjudging that said motions "be, and they are hereby, sustained, and that the writ of attachment issued herein, together with the levy and return thereof by the sheriff of Bates county, be quashed and for naught held, and as to the same the defendants go hence without day, and have and recover of plaintiff their costs in this behalf expended, growing out of the issuing, levy and return of said writ of attachment herein, and thereof have execution. To which judgment and decision of the court in sustaining said motions, dissolving said attachments, quashing the writ, levy and return thereon, said plaintiff, by his attorney, at the time, duly excepted." Subsequently, plaintiff filed a motion for a rehearing. The same was on February, 1889, by the court overruled, and, thereafter, in December, 1889, plaintiff brought the case here by writ of error.

I. It is clear that this writ of error must be dismissed, as there is no authority, under the law, for a writ of error in a controversy of this character. This is an effort to have this court review, on a writ of error, the order and judgment of the circuit court sustaining a motion to quash an attachment, said motion filed as provided by section 445, Revised Statutes, 1879. Under that statute an attachment writ may be quashed, and the same dissolved, for three reasons therein mentioned, first of which is where the affidavit shall be adjudged insufficient in law to warrant the attachment. It was for this reason the court below dissolved the attachment and quashed the writ herein. And it was, too, from this judgment or order, and this alone, that plaintiff has sued out the writ of error. The judgment on the motion to quash was not the final disposition of the entire case in the court below; was not a final judgment of the cause, but simply a judgment on the motion to quash the attachment leaving the main case standing as before, a suit for damages without the auxiliary attachment. It has been long and well understood in

this state that there can be but one final judgment in a
cause, and that such final judgment cannot be composed
of fragments.   As to the defendant the judgment must
relieve him from further appearance as to the entire
cause.   He must be permitted to go "without day," etc.
Such is not the case here.   The defendants (as appears
from this record) are still held in the court below to
answer the merits of the action or petition, while this
attachment—this adjunct to the main case—is brought
here for review.   The judgment below did not discharge
defendants from the entire cause but only quashed "and
for naught held" the writ and levy of attachment, and
"*as to the same*" (to-wit, the writ of attachment only
and nothing more) the defendants were permitted to go
without day.   Said judgment did not even award defend-
ants their costs expended in the whole case, but simply
adjudged costs only "growing out of the issuing, levy
and return of *said writ of attachment.*"   Obviously
then the judgment complained of has only to do with a
fragmentary portion of the case, and an appeal or writ
of error therefrom is not allowed unless the statute
takes this case from the general rule.   *Evans v. Russell,*
61 Mo. 37; *K. C. Cable Co. v. Kansas City,* 29 Mo.
App. 95; *Richards v. Johnson,* 34 Mo. App. 33;
*Witthaus v. Bank,* 18 Mo. App. 183, and cases cited.
"Every person aggrieved by any *final* judgment or
decision of any circuit court,"   *   *   *   may make
his appeal, or sue out his writ of error, etc.   R. S.
1879, sec. 3710.   Prior to 1879, an appeal did not lie
from a judgment on a plea in abatement to an attach-
ment, and for the reason that the same was regarded as
a mere *interlocutory* order and was not the *final* judg-
ment prescribed by the statute.   *Anderson v. Moberly,*
46 Mo. 191; *Davis v. Perry,* 46 Mo. 449; *Metzenberger
v. Keil,* 31 Mo. App. 130; *Walser v. Haley,* 61 Mo. 445.
But in the revision of 1879, the law was amended so as
to permit *appeals* from such orders and judgments on

the plea in abatement (section 439, Revised Statutes, 1879). But this amendment to the old law applies, in terms, only to judgments on *pleas in abatement*, and makes no reference whatever to judgments or orders dissolving or quashing attachments on motion, such as we have here. The plea in abatement, provided by section 438 and mentioned in section 439 (Revised Statutes, 1879), is quite a different matter from the motion to quash mentioned in section 445. The first, by means of the affidavit of the defendant, puts in issue the *facts* which furnish the grounds for the attachment, while the latter (or motion to quash) simply calls for the judgment of the court as to the legal sufficiency of the affidavit on its face. We have in the case at bar a writ of error sued out on a judgment entered upon a motion to quash provided for in section 445. It is in *no* sense a plea in abatement, and, therefore, clearly not within the provisions of section 439.

But even did such motion to quash come within the spirit and intent of section 439, and a right for an appeal thereby provided, yet plaintiff is not justified in bringing the case here by *writ of error*. That statute authorizes only an *appeal*, which under the law must be made at "the term at which the judgment or decision appealed from was rendered." R. S. 1879, sec. 3712. It was not intended by said section 439 to permit a *writ of error* which may be sued out at any time within three years after such judgment or decision appealed from. R. S. 1879, sec. 3745. This point has been expressly so decided in this state. *Duncan v. Forgey*, 25 Mo. App. 310; *Young v. Hudson*, Mo. Sup. Ct. (not yet reported).

II. Counsel for plaintiff request that, notwithstanding this writ of error be dismissed, we examine into the issues of the main case, *as they may be hereafter presented*, and give our opinion thereon and thereby facilitate the trial of the cause on its merits.

We feel scarcely justified in so doing. We have in the record now before us nothing to advise us of just what the issues are in the main case. We discover a petition; but as to whether or not the case shall be tried thereon, whether or not the same may be amended, or whether a demurrer is or may be interposed, or an answer filed, and the nature thereof, or whether in fact there shall be any defense at all, we have no knowledge or means of knowing. Hence we should, in following the course suggested by the learned counsel, be justly charged with declaring the law on a *mere moot case*—trying nothing but mere *supposable* legal issues, which we conceive improper

The writ of error herein is dismissed. All concur.