*Reversed and remanded.*

Delivered November 6, 1891.

---

### E. E. AND W. H. CRAWFORD v. A. W. DOGGETT.
#### No. 3133.

1. **Mental Distress — Wrongful Sequestration.** — Mental anguish can not be taken into consideration as an element of actual damages from the wrongful suing out of a sequestration and a seizure under it. But if the writ were maliciously sued out and exemplary damages recoverable, then distress of mind produced by it might properly be considered by the jury in assessing such damages.

2. **Same—Case Adhered to.**—Trawick v. Martin Brown Company, 79 Texas, 460, adhered to.

3. **Tort by Married Woman.**—The wife is liable for her torts unless she act under the coercion of her husband.

APPEAL from Shelby. Tried below before Hon. JAMES I. PERKINS. The opinion states the case.

*Drury Field,* for appellants.—1. In actions of trespass to try title suing for land there can be no injury to the feelings of defendant to sustain a claim for damages. Rev. Stats., art. 4489, subdiv. 4; Rev. Stats., art. 4492.

2. Damages for injured feelings are never awarded in any case save and excepting cases wherein there are personal injuries sustained, or in telegraph cases involving outrages to the affection.

*D. M. Short & Son,* for appellee.—If an actionable injury has been done to the name, person, or property of the complaining party, he may recover, as actual damages, compensation for the proximate results of the wrongful acts, and when injury to the feelings is such result it forms an element of actual damage. Stuart v. Tel. Co., 66 Texas, 580; Railway v. Randall, 50 Texas, 261.

GAINES, ASSOCIATE JUSTICE.—The appellants, who are husband and wife, brought this suit to recover of appellee a tract of land upon

which he was living with his family. They also sued out a writ of sequestration, by virtue of which the sheriff dispossessed the defendant of the property and held it until it was replevied by the latter. The defendant pleaded in reconvention, alleging that the writ of sequestration was unlawfully and maliciously issued, and prayed for the recovery of both actual and exemplary damages. He averred in his plea that when dispossessed of his property he had been compelled to seek shelter for himself and for his wife and children with his neighbors until he succeeded in giving the replevy bond, and asked compensation for mental suffering as actual damages in the case. The plaintiff dismissed his suit, and the parties went to trial upon the plea in reconvention. The jury returned the following verdict: "We the jury find for the defendant A. W. Doggett against the plaintiffs E. E. and W. H. Crawford actual damages as follows: For time lost five days ($1 per day), $5; for loss of use of premises, rental value, $5; for injury to feelings, $190. Total, $200."

The court in an elaborate charge instructed the jury that if they found that the writ of sequestration was wrongfully issued they should return a verdict for defendant for his actual damages, and that the injury to his feelings was an element of such damages; and also, that if they found that the writ was both wrongfully and maliciously issued they should give exemplary damages.

So much of the charge as instructed the jury that injury to the plaintiff's feelings was an element of actual damages is assigned as error, and we think the assignment well taken. In the case of Trawick v. Martin Brown Company, 79 Texas, 460, after mature consideration this court held that injury to feelings could not be recovered in a suit for wrongfully suing out an attachment; but that if the writ were maliciously issued and exemplary damages were recoverable, distress of mind produced by it was proper to be considered by the jury in assessing such damages. The same principle applies in this case. There is no statement of facts in the record, but no evidence could have been introduced which would have rendered the instruction proper. The verdict shows that the appellants were prejudiced by it.

It is insisted that there is fundamental error, because the wife was not responsible for the consequence of the wrongful suing out of the writ of sequestration. But the wife is liable for her torts, unless she act under the coercion of her husband.

The judgment is reversed and the case is remanded.

*Reversed and remanded.*

Delivered November 6, 1891.