## FIRST NAT. BANK IN HOUSTON et al. v. FINN et al.

### No. 10849.

Court of Civil Appeals of Texas. Galveston.

July 20, 1939.

On Appellants' Rehearing Sept. 28, 1939.

Appellees' Rehearing Denied Oct. 9, 1939.

Edward S. Boyles, V. Lee McMahon, and Willard L. Russell, all of Houston, for First National Bank.

Wood & Morrow and Newton Gresham, all of Houston, for Century Ins. Co., Ltd.

Dick Young and B. C. Johnson, both of Houston, for H. B. Finn.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the district court of Harris County brought by appellee, H. B. Finn, against Century Insurance Company, Ltd., to recover the sum of $675, alleged to be due him by the Insurance Company under an agreed settlement of a loss under its fire insurance policy. The Insurance Company, by cross-

action, impleaded the First National Bank in Houston, and said bank by cross-action impleaded appellee, H. B. Finn.

Appellee alleged that the Insurance Company had issued to his wife, Mrs. H. B. Finn, insurance policy No. 840277, on a building located at 2003 Houston Avenue in the City of Houston, then occupied by himself and his wife as their homestead; that on May 1, 1937, while said policy of insurance was in full force, said building was damaged by fire to an extent in excess of the face amount of the policy; that said Insurance Company, subsequent to the damage to said building, and with knowledge that said property was his separate property; that his wife had no interest in said property; and that a divorce suit was at that time pending between plaintiff and his wife, agreed with plaintiff to settle said loss for the sum of $675, and to pay said sum to plaintiff, which it had failed to do.

The Insurance Company admitted the issuance by it of the policy of insurance in question to the wife of plaintiff, and alleged that subsequent to said fire it had agreed with H. B. Finn and his wife upon a settlement of said loss for the sum of $675, and that it had delivered to Mrs. H. B. Finn a draft drawn upon itself and payable to H. B. Finn and Mrs. H. B. Finn in New York as payment in full of all amounts due under said policy under said agreement; that said draft bearing the endorsements of H. B. Finn and Mrs. H. B. Finn was deposited for collection with defendant, First National Bank in Houston, who endorsed on said draft the fact that it guaranteed the endorsements thereon through the regular banking channels of its correspondent bank in New York City, and that defendant Insurance Company paid said draft relying on said endorsement and guaranty of said bank that said endorsements were genuine. By cross-action it sought recovery from First National Bank in Houston in the event judgment was rendered against it in favor of H. B. Finn.

Defendant and cross-plaintiff, First National Bank in Houston, pled that Mrs. H. B. Finn endorsed the name of H. B. Finn on said draft with the express authority of H. B. Finn, and that the signature of H. B. Finn was not forged; they alleged that the proceeds of said draft represented the loss of the separate property of Mrs. H. B. Finn, and alleged in the alternative that H. B. Finn permitted his wife to act as his agent in taking out and carrying said insurance, and that she had express authority to endorse the name of H. B. Finn on said draft with her own name. By cross-action it alleged that Mrs. H. B. Finn forged the name of H. B. Finn and in committing said fraud, deceit, and forgery that she received money from said bank wrongfully, and to the damage of said bank, and that her then husband, H. B. Finn, was liable to said bank for the damage it suffered as a result of his wife's acts.

H. B. Finn answered defendant's cross-action by general demurrer, general denial, and by special exceptions and pled that the property damaged was his separate property and that Mrs. H. B. Finn had no right, title or interest therein.

The trial, which was before the court without a jury, resulted in a judgment for H. B. Finn against the Insurance Company in the sum of $675 and for the Insurance Company in the same amount on its cross-action against the First National Bank in Houston, and that the bank recover nothing by reason of its cross-action against plaintiff, H. B. Finn.

The insurance policy in question, No. 840277, was issued by Century Insurance Company, Ltd., to Mrs. H. B. Finn, who paid the premiums thereon. It covered damages by fire to the building located at 2003 Houston Avenue in Houston, Texas, in the sum of $375 and a like amount on the household furniture, wearing apparel, etc., located therein. On or about May 1, 1937, while said policy was in full force, said building and its contents were damaged by fire. At the time of said fire H. B. Finn and his wife were occupying said property as their homestead. While the building in question was the separate property of H. B. Finn, a portion of the furniture in said building was either the separate property of Mrs. H. B. Finn, or was the community property of herself and H. B. Finn. Proofs of loss under said policy were signed by both H. B. Finn and Mrs. H. B. Finn and were turned over by them to a representative of the Insurance Company.

A draft dated June 21, 1937, payable to the order of Mrs. H. B. Finn and husband, H. B. Finn, in the sum of $675, with recitations therein that it was in full payment, compromise, and settlement of all claims and demands for loss and damage which occurred on May 2, 1937, to property de-

scribed in policy No. 840277, was delivered to Mrs. H. B. Finn by Century Insurance Company, Ltd. A receipt was attached to said draft for signature reciting full payment thereof. Mrs. H. B. Finn signed both said draft and said receipt and signed the name of H. B. Finn to each prior to her divorce. from H. B. Finn on or prior to June 22, 1937. Their divorce was granted on October 13, 1937. It was stipulated by counsel that the First National Bank in Houston had placed on said draft the endorsement that it guaranteed previous endorsements; that the Century Insurance Company, Ltd., had paid said draft, and that the First National Bank in Houston had paid the proceeds of said draft to Mrs. H. B. Finn.

The question to be determined in this appeal is the ownership of the funds arising from the settlement of .the loss under the terms and provisions of said policy of insurance.

Unquestionably said draft for the sum of $675 was issued by the Insurance Company in conformity with their agreement with H. B. Finn to pay said sum to whomsoever was entitled thereto under the terms of said policy. As stated by appellant bank in its brief: "It is immaterial that a compromise was made; the rule would be exactly the same if the policy had been paid in full", and if H. B. Finn had brought this action to recover the full amount provided for in said policy.

In the case of Rolater v. Rolater, Tex. Civ.App., 198 S.W. 391, 393, in which the wife insured the family residence, constituting the husband's separate property and her own household furniture therein, in her husband's name, paying the premium from her separate funds, the court in passing on the status of the proceeds of said policy, lays down the following rule:

"When the house upon the land is destroyed by fire and there exists thereon a policy of insurance the money arising therefrom stands in the place and stead of such home. * * *

"*Insurance policies are not considered strictly personal contracts, separate from the realty, but should be regarded as contracts, which pass with the land to whomsoever the title passes, and that a destruction of the property by fire is an involuntary conversion of the house into money, which represents to the owner of the land the house lost.* [Emphasis ours.] * * *

"The application of the rule to this case is that the policy on appellee's home attached to and formed a part of the realty, and when the house was destroyed by fire the fund arising from the policy occupied the same status which the house did, that is, the separate estate of appellee. To hold otherwise would present the startling situation of conferring upon one of the spouses the authority of converting the separate estate of the other into the joint property of both for a wholly inadequate consideration and without that other's consent, since it would seem that either spouse, having. as they do, an insurable interest in such property, could upon their own initiative procure insurance in their own name."

■ In the instant .case Mrs. H. B. Finn had an interest in the household furniture covered by said policy. To the extent of her interest therein she was entitled to an interest in the funds arising from a loss under such policy.

This rule is followed in the case of Hoyle et al. v. Republic Insurance Company, Tex.Com.App., 14 S.W.2d 816, in which the Commission of Appeals in its opinion holds that where a wife has an undivided interest in a homestead by reason of the payment of a part of the purchase money from her separate funds and the husband took out fire insurance on the homestead, on destruction thereof, the rights of the husband and wife, respectively, attached to claims .for indemnity arising on the policy, and hence the wife was properly awarded a share of the proceeds thereof. This rule is followed in the case of Eureka Security Fire & Marine Ins. Co. v. De Ross, Tex.Civ.App., 40 S.W.2d 924.

■ Appellant Bank contends that since Mrs. Finn endorsed the name of her husband on said draft while she was his wife, he was therefore personally liable to the bank for any damage it sustained in consequence of her tort. This contention is sustained by the following authorities:

In the case of Scott, Commissioner of Insurance v. Brazile et ux., Tex.Com.App., 292 S.W. 185, 186, in a case similar in practically all respects to the instant case in that it is based on the forgery by the wife of her husband's name to certain notes and instruments, the court in its opinion says:

"Whenever a married woman commits a tort, she, as well as her husband, is liable

for the damage resulting to another therefrom. McQueen v. Fulgham, 27 Tex. [463] 467; Zeliff v. Jennings, 61 Tex. [458] 470. Liability for such damage is not affected by reason of the fact that the commission of the tort has some relation to, or connection with, a contract which she is incapacitated to make because of her coverture, provided the tort and her liability arising therefrom may be established independently of her purported contractual obligations. Whitney [Hardware Co.] v. McMahan, 111 Tex. [242] 244, 231 S.W. 694; Crawford v. Doggett, 82 Tex. 139, 17 S.W. 929, 27 Am.St.Rep. 859, 30 Corpus Juris, 786; Wirt v. Dinan, 41 Mo.App. 236; Pitcher v. Jones, 40 Mo.App. 583; Kilgore v. Jordan, 17 Tex. [341] 350; Rice v. Boyer, 108 Ind. 472, 9 N.E. 420; 58 Am.Rep. 53; Patterson v. Kasper, 182 Mich. 281, 148 N.W. 690, L.R.A.1915A, 1221; 38 Cyc. p. 426, et seq.

"In the present case, the forgery and uttering of the forged instruments in question by Mrs. Brazile constituted a tort, for which an action lay in behalf of the injured party to recover damages on account of the loss resulting from the tort. Her liability arising from the tort is distinct from any contractual liability which the forged instruments import. The relief sought by the insurance commissioner on account of such tort, which was granted by the court, does not in any degree depend upon the enforcement, either directly or indirectly, of any of the covenants of the purported contract or of any implied liability resulting therefrom; but the cause of action upon which such relief is predicated flowed from the wrong of Mrs. Brazile, which, of itself, is actionable."

While Mrs. H. B. Finn was not made a party to this suit, the record shows that at the time of the commission of the tort in question she was the wife of H. B. Finn. In the case of Campbell v. Johnson, Tex.Civ.App., 284 S.W. 261, 263, the court in passing on this question says:

"Under the provisions of article 4613 (4621) (2967) (2851), Rev.St.1925, the separate property of the husband cannot be subjected to the payment of damages occasioned by the torts of the wife. Notwithstanding the provision, his common-law liability for her torts remains undisturbed by any statute. It follows therefore that this liability may be enforced by a suit against him without the necessity of joining the wife, and their common estate may be subjected to the payment of any judgment obtained against him. The plaintiff could have sued Mrs. Campbell jointly with her husband, and could have collected any judgment obtained, either from the common estate or from her separate property."

The judgment of the Court of Civil Appeals in the case of Campbell v. Johnson, supra, was affirmed by the Commission of Appeals in 290 S.W. 526.

This rule is followed in the recent case of Seinsheimer v. Burkhart, 122 S.W.2d 1063, by the Commission of Appeals, citing the cases of Scott, Commissioner of Insurance v. Brazile, supra, and Jackson v. Dickey, Tex.Com.App., 281 S.W. 1043.

It is the contention of appellant First National Bank in Houston that it is entitled to a judgment against H. B. Finn's community interest in the proceeds of said policy of insurance, in the event a judgment is rendered against the Bank in favor of the Insurance Company, since the proceeds of said insurance policy was their community property and the divorce decree does not purport to make any partition or disposition of their community property and makes no reference thereto.

It is held in the case of Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231, that the statutes which provide that in a divorce decree the court shall order a division of the estate, having due regard for the rights of each party, does not deprive the wife, as a matter of law, from sharing equally in the community property, where there is no decree as to the property, the presumption that property in possession of either spouse on dissolution of the marriage is community property being applicable, whether the dissolution be by death or divorce.

In the case of George v. Reynolds, Tex. Civ.App., 53 S.W.2d 490, 494, the court in its opinion says:

"Article 4619, R.S.1925, defining community property, among other things prescribes 'all the effects which the husband and wife possess at the time the marriage may be dissolved shall be regarded as common effects or gains, unless the contrary be satisfactorily proved.' The presumption which obtains that, when the marriage is dissolved, the property found in the possession of either spouse belongs to the community, is not limited to a dissolution of the marriage by death, but ap-

plies equally to its dissolution by divorce. Moor v. Moor, 24 Tex.Civ.App. 150, 255 S.W. 231."

Under the above authorities we think that appellant Bank's contentions should be sustained and that the trial court erred in rendering judgment in favor of H. B. Finn against the Insurance Company for the proceeds of said insurance policy covering the furniture which belonged to Mrs. Finn and in refusing to allow the Bank to establish the extent of H. B. Finn's community interest in the proceeds of said policy of insurance in order that such interest might be subjected to the Bank's cross-action against him for damages it may have sustained in consequence of his wife's tort.

For the above reasons the judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

On Appellant's Motion for Rehearing.

In our original opinion in this cause we reversed the judgment of the trial court and remanded the cause for a new trial. In its motion for a rehearing appellant, First National Bank in Houston, calls our attention to the fact that in our opinion we stated that "H. B. Finn answered defendant's cross-action by special demurrer, general denial and by special exceptions, and pled that the property damaged was his separate property and that Mrs. H. B. Finn had no right, title or interest therein." In our statement to the effect that H. B. Finn pled that the property damaged was his separate property and that Mrs. H. B. Finn had no right, title or interest therein, we were in error.

In the original action brought by H. B. Finn against the Century Insurance Company, Ltd., he alleged in his trial petition that the property covered by the insurance policy in question was his separate property and that Mrs. H. B. Finn had no right, title or interest therein, but there was no such allegations in his answer to the bank's cross-action against him.

 In the case of Campbell v. Johnson, 290 S.W. 526, the Commission of Appeals in its opinion held that the separate property of the husband can not be subjected to the payment of damages occasioned by the tort of his wife and that, upon appropriate pleadings or request, seasonably filed, the judgment should exempt his separate property, citing Jackson v. Dickey, Tex.Com.App., 281 S.W. 1043, *but that where the husband sought no such exemption in the trial court he cannot first raise the issue in the Court of Civil Appeals.* (Emphasis ours.)

Under the above authorities, H. B. Finn having failed to plead the exemption of his separate property from damages occasioned by the tort of his wife in answer to the cross-action of appellant, First National Bank in Houston, in the trial court, he is precluded from raising said issue in this court, and it becomes our duty to sustain the contentions of appellant, First National Bank in Houston, and to here render judgment that the judgment of the trial court in favor of H. B. Finn against Century Insurance Company, Ltd., and in favor of Century Insurance Company, Ltd., against First National Bank in Houston be affirmed and that the judgment of the trial court in favor of H. B. Finn on the cross-action of First National Bank in Houston against H. B. Finn be reversed and judgment here rendered in favor of First National Bank in Houston on its said cross-action against H. B. Finn in the sum of $675.00, and it is so done.

Appellant's motion for rehearing granted, and judgment of trial court affirmed in part, and in part reversed and rendered.