Burnis K. LAWRENCE, Appellant,

v.

W. T. HARDY, Appellee.

No. 15984.

Court of Civil Appeals of Texas,
San Antonio.

Nov. 22, 1978.

Rehearing Denied June 27, 1979.

---

1. See Article 21.17, V.A.C.C.P.

James N. Higdon, Wiley, Plunkett, Gibson & Allen, San Antonio, for appellant.

## OPINION

CADENA, Chief Justice.

This is a suit for damages resulting from a collision involving an automobile which was being operated by Patricia Lawrence, wife of plaintiff, Burnis K. Lawrence, and an automobile which was being driven by defendant, W. T. Hardy. Plaintiff appeals from a judgment denying him recovery against defendant and awarding damages to defendant on his counterclaim.

The accident occurred when the vehicle being operated by defendant crossed the center stripe of the highway and entered the left lane going into the path of the oncoming car which Mrs. Lawrence was driving. At the time of the accident, plaintiff was not a passenger in the car which his wife was operating, and there is no evidence to support the conclusion that, at such time, Mrs. Lawrence was acting as her husband's agent. Plaintiff filed this suit without joining his wife as a party plaintiff, and defendant did not make plaintiff's wife a party to his counterclaim.

In answer to special issues the jury found that plaintiff's wife was guilty of negligence which proximately caused the accident. Issues inquiring whether defendant had kept a proper lookout, improperly applied his brakes, and drove at excessive speed were answered favorably to defendant. However, in answer to Special Issue 4

the jury found that at the time of the collision defendant's automobile, which was proceeding in an easterly direction, was in the westbound traffic lane. The jury further found that this was a proximate cause of the accident. The trial court granted defendant's motion to disregard the answer to Issue 4 and entered judgment in favor of defendant on his counterclaim.

Plaintiff first complains that the trial court erred in denying his motion for an instructed verdict on defendant's counterclaim because (1) defendant did not make plaintiff's wife a party to the counterclaim against plaintiff; (2) defendant neither alleged nor proved the existence of any relationship between plaintiff and plaintiff's wife, other than the marital relationship, which would support a judgment in favor of defendant for damages caused by the negligence of plaintiff's wife; and (3) no issues were submitted or requested which would support a judgment allowing defendant to recover from plaintiff.

At least as early as 1864 our Supreme Court held that a husband was liable for the torts of his wife. *McQueen v. Fulgham,* 27 Tex. 463 (1864). In answer to the contention that the common law rule imposing liability on the husband had been abrogated by statutes of this state which secured to the wife her separate property and protected her, with reference to such property, against the recognized and controlling influence of her husband over her conduct, the Court said:

> [The rule imposing liability on the husband for the torts of his wife] rests perhaps mainly upon the supposition that her acts are the result of the superior will and influence of the husband. Owing to the intimate relation between husband and wife, and to the nature of the control given him by law and social usage, over her conduct and actions, it would be difficult, if not impossible, for the courts to determine when she had acted at her own instance, and when she was guided by his dictation. . . .. [I]t would be a stretch of judicial authority to hold that the common law responsibility attaching

to him for the acts of the wife is by mere implication abolished [by the statutes concerning the wife's property rights.] *Id.* at 467. There is language in *McQueen* which clearly indicates that the separate property of the husband could be taken to satisfy a judgment based upon a tort of the wife. *See Id.* at 468. The same result was reached in *Zeliff v. Jennings,* 61 Tex. 458 (1884) where the Court rested the rule imposing liability on the husband not only on the control rationale advanced in *McQueen,* but also on the common law doctrine which regarded husband and wife as one person. *Id.* at 470. In 1921, the Legislature amended Article 4621 of the Revised Civil Statutes of 1911 to exempt the husband's separate property from liability for the torts of the wife. 1921 Tex.Gen.Laws, Ch. 130, § 1, at 251. Prior to this amendment the Supreme Court had again stated that statutes dealing with the rights of married women "have been uniformly construed as leaving the wife, as well as the husband, liable for the torts of the wife." *Whitney Hardware Co. v. McMahan,* 111 Tex. 242, 244, 231 S.W. 694, 695 (1921).

Apparently the first case to consider the question of whether the husband could be sued for the tort of his wife without joinder of the wife was *Campbell v. Johnson,* 284 S.W. 261 (Tex.Civ.App.—Dallas 1926), *aff'd,* 290 S.W. 526 (Tex.Com.App.1927, judgmt adopted). Johnson sued Campbell for damages to Johnson's automobile caused by the negligence of Campbell's wife. Campbell contended that the pleadings did not support a judgment against him because the cause of action was based on the negligence of his wife and it did not appear that he was present or coerced her or that he was in any way a joint tortfeasor. Campbell argued that under such circumstances he was not liable for his wife's negligence and that since she was solely responsible, she was therefore a necessary party to the suit. In rejecting this contention the Court said:

> Under the provisions of article 4613 . . . Rev.St.1925, the separate property of the husband cannot be subjected to the payment of damages occasioned by the torts of the wife. Notwithstanding

the provision, his common-law liability for her torts remains undisturbed by any statute. It follows therefore that this liability may be enforced by a suit against him without the necessity of joining the wife, and their common estate may be subjected to the payment of any judgment obtained against him.

284 S.W. at 263.

The rule imposing liability on the husband for the torts of the wife was followed in *Scott v. Brazile,* 292 S.W. 185 (Tex.Com. App.1927, judgmt adopted), and, again, in *First National Bank in Houston v. Finn,* 132 S.W.2d 151, 154 (Tex.Civ.App.—Galveston 1939, writ dism'd), where the Court, relying on *Campbell,* held that a judgment could be rendered against a husband, based on the tort of his wife, without joinder of the wife. We have found no case repudiating the holdings in *McQueen, Zeliff, Scott,* and *Finn.*

In *Burnett v. Cobb,* 262 S.W. 826, 828–829 (Tex.Civ.App.—Amarillo 1924, no writ), there is language which can be construed as expressing the opinion that the enactment of the statute exempting the separate property of the husband from liability for the torts of the wife abrogated the old rule that a husband was liable for the torts of his wife.

In *Graham v. McCord,* 384 S.W.2d 897, 899 (Tex.Civ.App.—San Antonio 1964, no writ), it was said that a plaintiff, suing a husband alone for damages for injuries sustained by plaintiff as the result of the negligence of defendant's wife, "had the burden to prove that the husband had the right to control the physical conduct of his wife at the time and in respect to the very thing which caused the injury." However, the question before the Court was one of venue. The defendant was a resident of Randall County and was being sued in Bexar County for damages caused by his wife's negligence in Bexar County. The Court pointed out that plaintiff, in order to maintain venue against the husband in Bexar County under Subdivision 9a of Article 1995, had to prove that the act or omission on which the cause of action was based "was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment." Tex.Rev.Civ. Stat.Ann. art. 1995, Subd. 9a (Vernon 1964). Since, as the opinion points out, the term "scope of his employment" carries with it the requirement of control "inherent in the master-servant relationship which will invoke the respondeat superior doctrine", (384 S.W.2d at 899), the Court correctly concluded that to maintain venue under Subdivision 9a plaintiff had to prove that, at the time of the accident, the relationship between the husband and his wife was that of master and servant. The language requiring proof of the husband's right to control the conduct of the wife is unquestionably correct when the issue concerns venue under Subdivision 9a. See also *Taylor v. Martin,* 386 S.W.2d 211 (Tex.Civ.App.—Waco 1964, writ dism'd).

In *Turner v. Turner,* the Supreme Court stated: "[A husband] is not individually liable for the torts of his wife not aided and abetted by him. The community estate [of the wife and the husband] would be liable. Art. 4613, Vernon's Ann.Civ.Stat." 385 S.W.2d 230, 232 (Tex.1964). At the time that *Turner* was decided, the provision declaring that the husband's separate property shall not be subject to liability for the wife's torts was found in Texas Revised Civil Statutes Article 4613 (1960). *Turner* mentioned none of the prior decisions which declared that a husband is liable for the torts of his wife. The citation to what was then Article 4613 supports no more than the last sentence of the portion of the opinion quoted in the preceding paragraph to the effect that the community property of the parties is liable for the torts of either spouse. 385 S.W.2d at 232. The statement concerning the "individual liability" of the husband for the torts of his wife may, with reason, be classified as dictum. The case involved a suit against the husband and his former wife for damages resulting from the alienation of the affections of plaintiff's husband by defendant's wife. The only question which the Supreme Court decided concerned the husband's claim that he re-

cover from his former wife the attorney's fees paid by him in defending the suit against him based on his wife's tort.

After *Turner,* a Court of Civil Appeals held that what was then Article 4613 "does not affect the common law rule that a husband is liable for the torts of his wife but that its only effect, in this respect, is to exempt or relieve the separate property of the husband from liability for the torts of his wife." *Firemen's Insurance Co. v. Burch,* 426 S.W.2d 306, 309 (Tex.Civ.App.— Austin) *rev'd on other grounds,* 442 S.W.2d 331 (Tex.1968). It must be noted that the Supreme Court, in reversing the judgment of the Court of Civil Appeals in *Burch,* held that the portion of the opinion of the intermediate appellate court quoted above constituted an "advisory opinion" and, as a consequence of such characterization, that portion of the decision was vacated. 442 S.W.2d at 334.

*Turner* was cited in the dissenting opinion in *Maness v. Reese,* 489 S.W.2d 660, 668 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.) in support of the statement that the community estate would be liable for the torts of either spouse, but that neither spouse is "individually liable" for the torts of the other.

Use of such terms as "personally liable" and "individually liable" can create confusion, particularly when, in the next breath, there is a reference to "liability" of property. Property is "liable" for torts, for example, only in the sense that it is subject to being seized and sold to satisfy an obligation of its owner. It makes no sense to say that while H is not "personally" or "individually" liable for the torts of W, his property may nevertheless be seized and sold in order to satisfy the "personal" or "individual" liability of W. The present rules concerning "liability" of marital property are found in Section 5.61 of the Family Code, which provides: "(a) A spouse's separate property is not subject to liabilities of the other spouse unless both spouses are liable by other rules of law. . . . (d) All the community property is subject to tortious liability of either spouse incurred during

marriage." Tex.Fam.Code Ann. § 5.61 (Vernon 1975).

It would be extremely difficult to justify a rule of law which permits the property of a person to be seized and sold to satisfy an obligation which is not the obligation of such person. If my property is subject to seizure and sale for the purpose of satisfying an obligation, then, to the extent that my property is subject to such seizure and sale the obligation is my "liability." Statutory limitations upon the nature of my property which can be so seized and sold must be classified as exemption statutes in the sense that they exempt portions of my property from seizure and sale. As long as some of my property is subject to such seizure and sale, I am, to that extent, "liable" for the satisfaction of the obligation.

In view of the statutory exemption of the husband's separate property from seizure and sale for the purpose of satisfying a judgment based on the tort of his wife, the rule can be stated as follows: Neither spouse is "individually" or "personally" liable for the torts of the other spouse except to the extent of his or her interest in the community property, unless there is a greater liability imposed under such doctrines as agency, respondeat superior or joint enterprise. The deletion of the words "personally" and "individually" from such statement of the rule would neither add to nor detract from its meaning and the deletion of such words would eliminate possible confusion.

Family Code Section 4.04(a) permits suits against one spouse without joinder of the other. Construing this with the language of Section 5.61(d) of the Family Code, all of the community property is "subject to [the] tortious liability of either spouse incurred during marriage," the interest of one spouse which is "subject" to such "tortious liability" can be reached without the joinder of the other spouse. As applied to this case then, resort to traditional terminology results in a holding to the effect that the "liability" of the husband's interest in the community for the torts of the wife can be enforced by a suit against the husband without joinder of the wife.

The trial court correctly overruled the husband's motion for an instructed verdict in his favor insofar as defendant's counter-claim is concerned.

■ Plaintiff also contends that he cannot be held liable for the injuries caused by his wife's negligence because at the time of the accident Mrs. Lawrence was the bailee of the vehicle which she was driving. It is true that a bailor ordinarily is not liable for injuries resulting from the negligence of his bailee. Nor is a bailor barred from recovery for damages to the bailed property because the bailee's negligence contributed to the injury. *Rollins Leasing Corp. v. Barkley*, 531 S.W.2d 603, 605 (Tex. 1975). These rules, however, are not applicable in this case. Plaintiff's attorney admitted in open court that the vehicle being operated by Mrs. Lawrence was the community property of plaintiff and his wife. She was, therefore, operating the vehicle as a co-owner, not as bailee.

Nor did the trial court err in disregarding the answers to Issues 4 and 4A, which embody findings to the effect that defendant failed to keep his vehicle "completely within the right half of the roadway" and that such failure was a proximate cause of the accident.

■ In *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex.1972), the Texas Supreme Court adopted the treatment of excused violations of statutory regulations which is found in Restatement (Second) of Torts § 288A (1965). Under this view, an excused violation of a statutory regulation is not negligence. A violation is excused when the actor is unable after reasonable care or diligence to comply with the regulation or when he is confronted by an emergency not due to his own misconduct. *Id.*

■ The jury verdict establishes that plaintiff failed to prove that defendant was guilty of negligence with respect to proper lookout, proper application of brakes or excessive speed. The evidence is undisputed that driving conditions at the time of the accident were hazardous due to weather conditions; that as defendant came to the crest of a hill, just prior to the accident, he encountered, for the first time, ice or sleet on the road; that defendant's vehicle failed to respond to his efforts to keep it under control; and that the car was completely out of control at the time it skidded across the center stripe and into the path of the oncoming vehicle operated by plaintiff's wife. This undisputed testimony establishes excuse as a matter of law. Consequently, the jury's answer to Issue 4 cannot be treated as a finding of negligence.

■ In any event, since the damaged vehicle was community property, plaintiff was precluded from recovery for damages to it under the doctrine, sometimes referred to as "the community property defense," under which the negligence of one spouse prevents recovery of damages by the other when such recovery would constitute community property. *Graham v. Franco*, 488 S.W.2d 390 (Tex.1972); 3 L. Simpkins, Texas Family Law § 20.26 at 357 (5th ed. Speer 1976).

The judgment of the trial court is affirmed.