### In the MATTER OF the MARRIAGE OF Amanda BRADSHAW and Barney Bradshaw

### No. 06–15–00038–CV

Court of Appeals of Texas, Texarkana.

Submitted: December 28, 2015

Decided: February 9, 2016

Rehearing Overruled March 22, 2016

Ebb B. Mobley, Attorney at Law, Longview, TX, for appellant

Barney Bradshaw, Tennessee Colony, TX, for appellee

Before Morriss, C.J., Moseley and Burgess, JJ.

## OPINION

Opinion by Justice Burgess

Amanda Bradshaw challenges the trial court's characterization of real property during the division of assets in her divorce from Barney Bradshaw. The trial court determined that the real property located at 78 Florey Lake, Kilgore, Texas, and the home that sits on it were community property. As a result of Barney's fault in the breakup of the marriage, the trial court awarded eighty percent of that property to Amanda. On appeal, Amanda argues that the trial court erred in failing to label the property as her separate property. Alternatively, Amanda argues that if the property was community property, the trial court should have awarded 100 percent of that community property interest to her. Because we conclude (1) that the trial court correctly found that Amanda failed to meet her burden of demonstrating that the property was her separate property and (2) that no abuse of discretion has been shown in the trial court's division of the property, we affirm the trial court's judgment.

## I. The Trial Court Properly Characterized the Property as Community Property

### A. Standard of Review

"The Texas Family Code requires the trial court to divide a marital estate in a 'just and right' manner, considering the rights of the parties." *Matter of Marriage of Vinson,* No. 06-14-00101-CV, 2015 WL 4624102, at *3 (Tex.App.-Texarkana Aug. 4, 2015, no pet.) (mem. op.) (quoting TEX. FAM.CODE ANN. § 7.001 (West 2006)). "Trial courts can only divide community property, and the phrase 'estate of the parties' encompasses the community property of a marriage, but does not reach separate property." *Pearson v. Fillingim,* 332 S.W.3d 361, 363 (Tex.2011) (per curiam).

"Property possessed by either spouse during or on dissolution of marriage is presumed to be community property." TEX. FAM.CODE ANN. § 3.003(a) (West 2006); *Vinson,* 2015 WL 4624102, at *3. "To rebut this presumption, the person seeking to prove the separate character of the property must do so by clear and convincing evidence." *Id.* (citing TEX. FAM.CODE ANN. § 3.003(b) (West 2006)). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM.CODE ANN. § 101.007 (West 2014); *Vinson,* 2015 WL 4624102, at *3. "Any doubt as to the character of property should be resolved in favor of the community estate." *In re Marriage of Moncey,* 404 S.W.3d 701, 706 (Tex.App.-Texarkana 2013, no pet.); *see also Vinson,* 2015 WL 4624102, at *3.[1]

"In the absence of findings of fact and conclusions of law, an appellate court must uphold the trial court's judgment on any legal theory supported by the record." *In re Marriage of Smith,* 115 S.W.3d 126, 131 (Tex.App.-Texarkana 2003, pet. denied).

### B. The Evidence at Trial

At the final divorce hearing, undisputed evidence demonstrated that Amanda owned a house on Nolan Street in Kilgore, Texas, prior to her marriage to Barney on November 13, 2010. Barney testified that, after the marriage, he lived with Amanda at the Nolan Street house and purchased five televisions, a mattress, and furniture for that home. The Nolan Street house and its contents were destroyed in a fire in 2012. After the fire, Amanda sold the land on which her old home sat to "some friends really cheap." Amanda's homeowner's insurance company compensated her for the total loss of the Nolan Street house and its contents. The check for the insurance proceeds was made payable to both Amanda and Barney.

Amanda testified that she used the insurance proceeds to pay off the remaining mortgage balance on the Nolan Street house and to purchase outright the Florey Lake property. The June 20, 2012, deed to the Florey Lake property contained only her name. During cross-examination, Amanda stated that she used Barney's sta-

1. "[E]ven if the trial court mischaracterizes property in its division of the marital estate, the error does not require reversal 'unless the mischaracterization would have had more than a *de minimis* effect on the [ ] court's just and right division of the property.'" *In re Marriage of Moncey,* 404 S.W.3d 701, 706 (Tex.App.-Texarkana 2013, no pet.) (second alteration in original) (quoting *Vandiver v.* *Vandiver,* 4 S.W.3d 300, 302 (Tex.App.-Corpus Christi 1999, pet. denied)). Thus, "we reverse the trial court's judgment only where it 'clearly abused its discretion and if the error materially affects the court's just and right division of the property.'" *Id.* at 707 (quoting *In re Marriage of Cigainero,* 305 S.W.3d 798, 800 (Tex.App.-Texarkana 2010, no pet.)).

tus as a disabled person under the Social Security Act to reduce the property taxes on the Florey Lake property. Barney testified, "We put the ... house in her name. It was agreed on that, but it was our house." Barney also described the labor that he completed on the home.

### C. Analysis

■ The Florey Lake property was obtained during Amanda and Barney's marriage; it is presumed that this property was community property. *See Tipps v. Chinn Exploration Co.*, No. 06–13–00033–CV, 2014 WL 4377813, at *2 (Tex.App.–Texarkana Sept. 5, 2014, (2) pets. denied) (mem. op.). Although the deed conveying the property contained only Amanda's name, we have previously stated that "[t]he community presumption is not contradicted by legal title in just one spouse." *Id.*; *see In re Marriage of Morris*, 123 S.W.3d 864, 869–70 (Tex.App.–Texarkana 2003, no pet.). Thus, Amanda was required to bring forth other clear and convincing proof that the Florey Lake property was acquired by separate property funds.

■ On this point, Amanda argues that, even though the home was purchased with insurance proceeds made payable to her and Barney, "the action of a third party insurance company cannot alter the separate property character of real estate by its attempts to forestall any claims by a mere occupant (Barney) as opposed to the record title holder (Amanda)." Although Amanda cites no authority in support of her argument, we note that Section 3.008 of the Texas Family Code states, "Insurance proceeds paid or payable that arise from a casualty loss to property during marriage are characterized in the same manner as the property to which the claim is attributable." Tex. Fam.Code Ann. § 3.008 (West 2006).

Because it was undisputed that the Nolan Street house was Amanda's separate property, certainly the portion of the check from the insurance company compensating her for the Nolan Street house was also her separate property. However, Amanda failed to establish the terms of the insurance policy at trial, and she testified that the insurance proceeds also compensated for personal property within the house that was destroyed by fire. Barney testified that he had purchased items to furnish the Nolan Street home, that he was living in that home at the time of the fire, and that his name was included on the check, which indicated that he could have been an insured under the terms of the insurance policy. Thus, the trial court was free to determine that not all of the insurance proceeds were Amanda's separate property.

"If a policy insures both community and separate property, the proceeds of the policy will be apportioned between the community and separate estates." *Burgess v. Burgess*, No. 09–06–301–CV, 2007 WL 1501117, at *8 (Tex.App.–Beaumont May 24, 2007, no pet.) (mem. op.) (citing *First Nat'l Bank in Houston v. Finn*, 132 S.W.2d 151, 153 (Tex.Civ.App.–Galveston 1939, writ dism'd)). Here, Amanda failed to introduce any evidence establishing the value of the Nolan Street house or the amount of the insurance proceeds specifically attributable to the loss of the home. Barney testified that Amanda owed $40,000.00 on the Nolan Street home, and Amanda testified that she paid the remaining mortgage on the home with the insurance proceeds. Thus, it is entirely possible that only $40,000.00 of the insurance proceeds were attributable to the loss of the Nolan Street home and that those proceeds were used to pay the remaining mortgage balance on the home.

In the absence of additional evidence, we find no error in the trial court's determination that Amanda (1) failed to establish, by clear and convincing evidence, that the Florey Lake property was entirely purchased with separate property funds, and (2) assuming that a portion of the property was purchased with separate property funds, failed to establish, by clear and convincing evidence, what percentage of the property was purchased with separate property funds.[2] *See In re Marriage of Greenslate*, No. 06–00–00117–CV, 2001 WL 691472, at *5 (Tex.App.–Texarkana June 21, 2001, no pet.) (not designated for publication) ("[I]f the evidence shows that the parties' separate and community property have been so commingled as to defy resegregation and identification, then the community presumption prevails.") (citing *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex.1973)). Accordingly, we overrule Amanda's first point of error.

## II. The Trial Court Did Not Abuse its Discretion in Dividing the Property

Next, Amanda argues that, if the Florey Lake property was community property, the trial court abused its discretion in failing to award her all of the property. We disagree.

### A. Standard of Review

"The trial court may generally exercise broad discretion in dividing a marital estate." *Vinson*, 2015 WL 4624102, at *3. "There is a presumption on appeal that the trial court properly exercised its discretion in dividing property in a divorce proceeding." *Moncey*, 404 S.W.3d at 706 (citing *In re Marriage of Robbins*, No. 06–10–00019–CV, 2010 WL 3168402, at *2 (Tex.App.–Texarkana Aug. 12, 2010, no pet.) (mem. op.)). Accordingly, "the 'appellant must show that the court below' 'clearly abused its discretion by a division that is manifestly unjust and unfair' 'to convince an appellate court to disturb a trial court's property division.'" *Id.* (quoting *Robbins*, 2010 WL 3168402, at *2; *Martin v. Martin*, 797 S.W.2d 347, 351 (Tex.App.–Texarkana 1990, no writ)); *see Vinson*, 2015 WL 4624102, at *3.

A "property division need not be equal." *Tran v. Nguyen*, 480 S.W.3d 119, 131 (Tex.App.–Houston [14th Dist.] 2015, no pet.); *see Faram v. Gervitz–Faram*, 895 S.W.2d 839, 844 (Tex.App.–Fort Worth 1995, no writ). "'Trial courts have wide discretion to consider a variety of factors in determining what is just and right in dividing community property,'" including the fault of the parties. *In re Marriage of Brown*, 187 S.W.3d 143, 145 (Tex.App.–Waco 2006, no pet.) (quoting *Phillips v. Phillips*, 75 S.W.3d 564, 575 (Tex.App.–Beaumont 2002, no pet.) (Gaultney, J., concurring)).

### B. Analysis

Amanda initially testified that she wanted a no-fault divorce. However, after this Court affirmed Barney's conviction for continuous sexual abuse of a child, Amanda moved to reopen the evidence to offer

---

**2.** Moreover, Amanda testified that she used Barney's social security disability status to obtain a reduction in property taxes for the Florey Lake property. The Texas Constitution authorizes, and the Texas Tax Code provides for, property tax exemptions for persons "under a disability for purposes of payment of disability insurance benefits under Federal ... Disability Insurance." TEX. CONST. art. VIII, § 1–b(b); TEX. TAX CODE ANN. § 11.13(m)

(West Supp.2015). The version of Section 11.13 of the Texas Tax Code that applied when the Florey Lake property was purchased stated that "an adult who is disabled ... is entitled to an exemption from taxation by a school district of $10,000 of the appraised value of his residence homestead." TEX. TAX CODE ANN. § 11.13(c) (West Supp. 2015).

testimony about Barney's fault in the breakup of the marriage. *See generally Bradshaw v. State*, 466 S.W.3d 875 (Tex. App.–Texarkana 2015, pet. ref'd).

Amanda's daughters, both minors, testified that Barney made them strip for him and warned them not to tell anyone of his actions. One daughter testified that she was sexually assaulted by Barney. Amanda testified that Barney had physically abused her several times. She described instances where Barney had "kicked [her] in the ribs," slapped her, "tased [her] in the buttocks," and "grabbed [her] by the throat and put [her] up against the wall." Amanda testified that Barney's acts caused the dissolution of the marriage. Barney denied the accusations made by Amanda and her daughters and claimed that his actions had no part in dissolving the marriage. Barney testified, "[Amanda's] got another man in the house. She's lied to courts. She's lied to you people. Her kids are lying. And it's destroyed my life."

■■■ Due to Barney's fault in the dissolution of the marriage, the trial court exercised its discretion in only awarding Barney twenty percent of the community estate. Amanda argues that she should have received 100 percent of the community estate. The Texas Supreme Court has warned that, although fault may be considered in making a disproportionate distribution of community property, "[t]he division should not be a punishment for the spouse at fault." *Young v. Young*, 609 S.W.2d 758, 762 (Tex.1980). Because an award of 100 percent of community property to Amanda could operate to punish Barney for his fault in the dissolution of the marriage, we cannot say that the trial court clearly abused its discretion in its division of the marital estate. *See Faram v. Gervitz–Faram*, 895 S.W.2d 839, 844 (Tex.App.–Fort Worth 1995, no pet.) (ap-

proving award of 72.9 percent of the community estate to wife where husband was found to have an "abusive and violent nature, which ultimately contributed to the divorce"); *Brown*, 187 S.W.3d at 145 (reversing award of 100 percent of community estate to wife based on husband's conviction for aggravated sexual assault of child). Therefore, we overrule Amanda's last point of error.

## III. Conclusion

We affirm the trial court's judgment.